Guidant Law Firm
**402 E. Southern Ave.**
**Tempe, AZ 85282**
**Telephone: (602) 888-9229**
**Facsimile: (480) 725-0087**
**E-Mail: lamar@guidant.law**
**D. Lamar Hawkins – 013251**
**Alexander Karam - 033023**
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>CANYONS END, LLC, an Arizona limited liability company<br><br>Debtor. | Chapter 11 Proceedings<br>Subchapter V<br><br>Case No. 0:21-bk-01469-MCW<br><br>Removed from Superior Court of Arizona, Mohave County, Case No. S8015CV202000152<br><br>**NOTICE OF REMOVAL** |

Canyons End, LLC (the "**Movant**"), as defendant in the Arizona Superior Court of Mohave County (the "**Superior Court**"), Case No. S-8015-CV-202000152 (the "**Removed Case**"), hereby removes the Removed Case to the United States Bankruptcy Court for the District of Arizona (the "**Bankruptcy Court**").

**I. <u>Entitlement to Removal</u>.**

The Removed Case was commenced in the Superior Court on February 25, 2020. On March 2, 2021, the Movant commenced Chapter 11 Bankruptcy Case 0:21-bk-01469-MCW (the "**Bankruptcy Case**") in the Bankruptcy Court in the District of Arizona.

The Removed Case is a related case to the Bankruptcy Case. As such, the United States District Court for the District of Arizona (the "**District Court**") has jurisdiction of the removed

case pursuant to 28 U.S.C. §1334(b). Therefore, pursuant to 28 U.S.C. § 1452(a), the Removed Case may be removed to the District Court.

Pursuant to 28 U.S.C. § 157, the District Court may refer the Removed Case to the bankruptcy judges for the district. By its General Order 128, the District Court has referred to the bankruptcy judges for this district all cases under Title 11 and all proceedings under Title 11 or arising in or related to a case under Title 11. That includes the Removed Case.

As permitted by the Bankruptcy Rule 9027(a)(2), this Notice of Removal is being filed with ninety (90) days after the order for relief in the Bankruptcy Case.

**a. Core Status of Removed Case.**

The removed Case is a core proceeding within the meaning of 28 U.S.C. § 157(b), as the Removed Case involves (a) matters concerning the administration of the estate, (b) proceedings to determine, avoid, or recover fraudulent conveyances, (c) determinations of the validity, extent, or priority of liens, and (d) proceedings affecting the liquidation of the assets of the estate. Removed Case Complaint 13:20-22 and 14:1-2 ("The transfer of fixtures, furniture and other property within the Property from Defendant Canyons End, LLC and /or Defendant McDowell to Anchor Smokehouse, LLC and/or Defendant Laura Herrera, constituted transfers pursuant to A.R.S. §§ 44-1001 and 44-1004, and were made with actual intent to hinder, delay or defraud present and/or future creditors of Defendants Canyons End, LLC and/or Defendant Robert McDowell.") 12:6-7 ("Plaintiff requests that the Court quiet title to Plaintiff in and to a fee simple absolute one hundred percent (100%) interest in the Property.")

**b. Related to Jurisdiction.**

In the event the Court were to find that the case is not a core proceeding within the meaning of § 157(b)(2), it would at least meet the broad definition of "related to" jurisdiction the Ninth Circuit has adopted from the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984). *See In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988).

The *Pacor* court held that the test for determining whether a civil proceeding is related to bankruptcy is whether the,

> "Outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy."

743 F.2d 984, 994. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* Few areas of the code, or the law for that matter, are so expansive. *Sasson v. Sokoloff* (*In re Sasson*), 414 F.3d 864, 868-69 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, 'including nearly every matter directly or indirectly related to the bankruptcy.'") (*quoting Mann v. Alexander Dawson* (In re Mann), 907 F.2d 923, 926 n. 4 (9th Cir. 1990)).

The U.S. Supreme Court in *Celotex Corp v. Edwards*, also adopted the holding in *Pacor*: "we agree with the views expressed by the Court of Appeals for the Third Circuit in *Pacor*…" that 'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with bankruptcy estate." *Celotex*, 514 U.S. 300, 308 (1995).

Here, the Removed Case includes claims to quiet title to real property of the estate, among other things, which fits squarely within the related to jurisdiction of the Bankruptcy Court.

Pursuant to 28 U.S.C. § 157(c)(2), the Movants do consent to the District Court's referral of the Removed Case to the Bankruptcy Court to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C § 158. Pursuant to Bankruptcy Rule 9027(a)(1), the Movants do consent to the entry of final orders of judgments by the bankruptcy judge.

## II. <u>Process and Pleadings</u>.

This Notice is accompanied by copies of all process, pleadings (as narrowly defined by F.R.Civ.P. Rule 7(a)) and minute entries and orders filed prior to the removal, plus, if available, a copy of the docket for the Removed Case from the court where the Removed Case is pending.

## III. <u>Filing in Superior Court</u>.

Promptly after the filing hereof, the undersigned will file a copy of this notice with the Clerk of the Superior Court.

**WHEREFORE**, the Movant respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

DATED this 22nd day of April, 2021.

**GUIDANT LAW, PLC**

By: /s/ D. Lamar Hawkins, #013251
D. Lamar Hawkins
402 East Southern Avenue
Tempe, AZ 85282
Counsel for Debtor

COPY of the foregoing mailed, or served via electronic notification* if so marked, this 22nd day of April, 2021, to:

U.S. Trustee's Office* ustpregion14.px.ecf@usdoj.gov
Edward K. Bernatavicius* edward.k.bernatavicius@usdoj.gov
230 N. First Ave., Ste. 204
Phoenix, AZ 85003-1706

Michael W. Carmel* michael@mcarmellaw.com
Law Office of Michael W. Carmel, Ltd.
80 E. Columbus Avenue
Phoenix, AZ 85012
*Subchapter V Trustee*

Christopher J. Dylla* Christopher.dylla@azag.gov
Office of the Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004-1592
*Counsel for Arizona Department of Revenue*

Stephanie Walker* onesmartcablonde@yahoo.com
140 W. Queen Tut
Meadview, AZ 86444
*Secured Creditor*

Advance Services Group, LLC* retention@inadvancecap.com
and salessupport@inadvancecap.com
10 W. 37th Street, Ste. 6A
New York, NY 10018
*Secured Creditor*

In Advance Working Capital Now* retention@inadvancecap.com
and salessupport@inadvancecap.com
10 W. 37th Street, Ste. 6A
New York, NY 10018
*Secured Creditor*

Cary Schweitzer* caryschweitzer7@gmail.com
26541 N. Verde Rd.
Meadview, AZ 86444
*Creditor*

/s/ Tania M. De Belder