FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
02/25/2020 4:11PM
BY: GHOWELL
DEPUTY

Case No.: S8015CV202000152
HON. CHARLES GURTLER

Kristyne M. Schaaf-Olson, Esq. / AZ State Bar No. 032767
MURPHY, SCHMITT,
HATHAWAY, WILSON & BECKE, P.L.L.C.
Attorneys at Law
325 W. Gurley Street, Suite 102
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6860
info@mshwlaw.com

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MOHAVE**

| | |
|---|---|
| CARY L. SCHWEITZER, individually and d/b/a CANYONS END MOTEL AND RESTAURANT, a sole proprietorship,<br><br>Plaintiff,<br><br>vs.<br><br>CANYONS END, LLC, an Arizona Limited Liability Company; ROBERT MCDOWELL, individually and as managing member of Canyons End, LLC; STEPHANIE M. WALKER; ANCHOR SMOKEHOUSE, LLC, an Arizona Limited Liability Company; LAURA CLELAND HERRERA and ROBERT HERRERA, wife and husband; DOES I-X; ABC CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Tier 2 |

Plaintiff, CARY L. SCHWEITZER (hereinafter "Plaintiff"), by and through counsel undersigned, alleges as follows:

/ / /

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff CARY L. SCHWEITZER (hereinafter "Plaintiff"), an unmarried man, is, and was at all times relevant hereto, a resident of Mohave County, Arizona and is dealing with his sole and separate property.

2. From February 23, 2012 through February 14, 2018 Plaintiff CARY L. SCHWEITZER was doing business as CANYONS END MOTEL AND RESTAURANT, a sole-proprietorship.

3. Upon information and belief, Defendant CANYONS END, LLC is an Arizona limited liability company.

4. Upon information and belief, Defendant ROBERT MCDOWELL is a resident of Mohave County, Arizona, and a single man.

5. Upon information and belief, Defendant STEPHANIE M. WALKER is a resident of Mohave County, Arizona, and a single woman. Defendant Walker was an employee of Plaintiffs and is now an employee of Defendants Canyons End, LLC and/or Robert McDowell.

6. Upon information and belief, Defendant ANCHOR SMOKEHOUSE, LLC is an Arizona limited liability company.

7. Upon information and belief, Defendants LAURA CLELELAND HERRERA and ROBERT HERRERA are a married couple and residents of Mohave County, Arizona. Upon information and belief, all acts alleged herein were undertaken on behalf of their marital community. Defendant Laura Herrera is the sister of Defendant Robert McDowell and the manager of Defendant Anchor Smokehouse, LLC.

8. Defendants DOES I-X, ABC CORPORATIONS I-X, and XYZ PARTNERSHIPS I-X, are fictitious names of persons, corporations, partnerships, public entities, bodies politic, and/or other entities whose true names are not known to Plaintiff at this time but are defendants or parties who may be responsible for the decisions and events that form the basis of this Complaint. The true names or capacities, whether individual, corporate, associates or otherwise, of the fictitious defendants are all unknown to Plaintiff at the present time. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants designated by a fictitious name is responsible for the events and happenings alleged. The precise nature of such responsibility is unknown to Plaintiff, but is known or should be known to the Defendants. Plaintiff will diligently seek to determine the names and responsibilities of each of the defendants designated by fictitious names and will seek to amend this Complaint when the same has been determined.

9. This lawsuit involves title to real property located in Mohave County, Arizona.

10. The events, acts, and/or omissions giving rise to the causes of action hereinafter set forth occurred in the State of Arizona, County of Mohave.

11. Upon information and belief, Defendants are, and at all times relevant hereto were, the agents and employees of all Defendants, and were acting within the course and scope of that agency and employment.

12. Jurisdiction and venue are proper before this Court.

13. Pursuant to Rule 8(b)(2) and 26.2(b), Ariz. R. Civ. P., this case is appropriately assigned to Tier 2.

## GENERAL ALLEGATIONS

14. Plaintiff and Laurie Ann Pfarr were the grantees of a Warranty Deed recorded on or about March 29 ,2011, attached hereto as **Exhibit 1**, recorded in the Official Records of Mohave County, Fee No. 2011016842, pertaining to certain real property located at 28950 Pierce Ferry Road, Meadview, Arizona 86444, in Mohave County, Arizona (the "Property") described as follows:

> Lot 719, of Meadview Unit Three, According to the Plat Thereof, Recorded April 24, 1961, at Fee No. 102818 in the office of the County Recorder of Mohave County, Arizona.

15. Plaintiff then acquired the Property as his sole and separate property pursuant to a subsequent Quit Claim Deed recorded on or about April 23, 2015, attached hereto as **Exhibit 2**, recorded in the Official Records of Mohave County, Fee No. 2015017768.

16. From February 23, 2012 through February 14, 2018, Plaintiff was self-employed as a small proprietorship doing business at the Property as Canyons End Motel and Restaurant.

17. On or about February 11, 2018, Defendant Robert McDowell created Defendant Canyons End, LLC. See attached Articles of Organization, attached hereto as **Exhibit 3**.

18. On or about February 14, 2018, Defendant Canyons End, LLC, by and through its member/agent Defendant Robert McDowell, took possession of the Property, including all fixtures, furniture, etc. within the Property for the running of the Motel and Restaurant.

19. On or about March 14, 2018, Plaintiff and Defendant Canyons End, LLC, by and through its member/agent Robert McDowell, entered into a written agreement, attached

hereto as **Exhibit 4**, regarding the sale and transfer of the Property. Pursuant to the terms of that agreement, Defendant Canyons End, LLC was to purchase the Property for $225,000, with interest at 5.0% per annum, to be paid in monthly installments of $3,168.40.

20. On or about August 28, 2018, Defendant Canyons End, LLC filed a Verified Complaint for Breach of Contract against Cary Lynn Schweitzer alleging that Defendant Canyons End, LLC had deposited $50,000 into escrow but a deed had not been tendered.

21. On or about December 18, 2018, Defendant Canyons End, LLC, by and through its member/agent Defendant Robert McDowell, and Defendant Stephanie Walker entered into a Deed of Trust in the amount of $50,000 secured by the Property. See Deed of Trust attached hereto as **Exhibit 5**. The Trustee of the Deed is Robert McDowell's sister, Defendant Laura Herrera.

22. On or about December 20, 2018, Plaintiff and Defendant Canyons End, LLC, by and through its member/agent Defendant Robert McDowell, entered into a Settlement Agreement and Mutual Release (hereinafter "Agreement"), attached hereto as **Exhibit 6**.

23. Pursuant to the terms of the Agreement, Defendant Canyons End, LLC agreed to pay Plaintiff $50,000 and "to assume any IRS tax lien and any tax lien from the State of Arizona that is currently connected with the [P]roperty" not to exceed $225,000.00. See attached Exhibit 6, at ¶5.

24. Pursuant to the terms of the Agreement, Defendant agreed to "execute[] any documents that may be necessary for both parties to have contact with the IRS and the State of Arizona in connection with the liens…includ[ing] the execution of any documents necessary in order to settle the liens." See attached Exhibit 6, at ¶6.

25. Pursuant to the terms of the Agreement, "time is of the essence in each and every term and provision of th[e] Agreement," including, but not limited to, the assumption and execution of documents related to the liens of the IRS and State of Arizona. See attached Exhibit 6, at ¶21.

26. Pursuant to the terms of the Agreement, Defendant Canyons End, LLC and Defendant Robert McDowell released all claims against Plaintiff, other than the obligations arising under the Agreement. See attached Exhibit 6, at ¶9.

27. At the time of execution of that Agreement, the State of Arizona had tax liens totaling at least $53,145.69 and the IRS had tax liens totaling at least $139,673.51. See attached Notice of State Tax Lien and Notices of Federal Tax Lien, attached hereto as **Exhibit 7**. See also, attached Letter dated May 23, 2019 from the Office of the Arizona Attorney General, attached hereto as **Exhibit 8**.

28. On or about May 23, 2019, the Office of the Arizona Attorney General sent correspondence to Plaintiff regarding the outstanding State of Arizona lien in the amount of $57, 455.39 and requesting payment in full within ten (10) days or legal action will be taken. See attached Exhibit 8.

29. On or about July 16, 2019, Plaintiff, by and through undersigned counsel, sent correspondence, attached hereto as **Exhibit 9**, to Defendants advising them of the May 23, 2019 correspondence received from the Office of the Arizona Attorney General and the known outstanding IRS liens and requesting that Defendants contact the agencies to accept liability for the debts pursuant to the Agreement.

/ / /

30. On or about September 6, 2019, Plaintiff, by and through undersigned counsel, sent correspondence to Defendants again requesting that Defendant contact the agencies by September 20, 2019 to accept liability for the debts. See Letter dated September 6, 2019, attached hereto as **Exhibit 10**.

31. On or about September 27, 2019, Defendant Canyons End, LLC, by and through its member/agent Defendant Robert McDowell, and Defendant Walker entered into a Deed of Trust in the amount of $60,000 secured by the Property. See Deed of Trust attached hereto as **Exhibit 11**. The Trustee of the Deed is Robert McDowell's sister, Defendant Laura Herrera.

32. Sometime thereafter, Defendants transferred the fixtures, furniture, etc. within the Property to Defendant Anchor Smokehouse, LLC.

33. Thereafter, in addition to the Federal Tax Liens referenced in the July 16, 2019 correspondence, Plaintiffs discovered additional federal tax liens related to the property. Plaintiff is now aware of outstanding tax liens in the amount of $197,128.90.

34. Pursuant to the terms of the Agreement, the prevailing party in this action is entitled to recover reasonable attorneys' fees and costs for the filing of this action to interpret, enforce, or obtain remedies for the breach of the Agreement. See attached Exhibit 6, at ¶12.

35. On or about October 23, 2019, pursuant to A.R.S. § 12-1103, Plaintiff tendered $5.00 and a Quit Claim Deed to Defendants Robert McDowell and Canyons End, LLC for signature within twenty (20) days. See attached correspondence dated October 23, 2019, attached hereto as **Exhibit 12**.

36. Defendant has failed to execute and return the Quit Claim Deed.

37. Additionally, following Defendants' receipt of the referenced correspondence, Defendants sold, traded, donated, removed and/or allowed the removal of fixtures, furniture, etc. within the Property to Defendant Anchor Smokehouse, LLC and/or Defendant Herrera.

38. Defendant has removed Plaintiff's possessions from the Property without permission or authorization, and has prevented Plaintiff's use and enjoyment of the Property.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered inconvenience, annoyance, anguish, and substantial monetary damages in an amount to be proven at trial.

40. As of December 22, 2019, Defendant Canyons End, LLC owes $4,514.92 for the subject property to the Mohave County Treasury. See Mohave County Treasury Statement of Taxes attached hereto as **Exhibit 13**.

**COUNT I**
**FRAUD**

41. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. By the facts set forth in this complaint, during negotiations, and upon entering into the contract, Defendants Canyons End, LLC and Robert McDowell made false and material representations to Plaintiff that it would be liable for the tax debts of the Property and would timely execute any documents necessary to settle the liens with the intent that Plaintiff would enter into the contractual agreement and transfer title to the Property.

43. Defendants' statements were material facts and a basis upon which the Agreement was entered into and Defendant intended Plaintiff would act in reliance upon Defendants' statements.

44. Defendants never intended to accept liability for the tax debts and intentionally and knowingly made the false representations to Plaintiff.

45. Plaintiff did not have knowledge, or was ignorant of, the falsity of Defendants statements. Plaintiff had the right to rely upon Defendants' representations and in fact did reasonably rely upon the false representations in agreeing to enter into the Agreement.

46. As a result of the false representations, Plaintiff is entitled to rescission of the contract and has been damaged in an amount to be determined by this Court or the trier of fact.

**COUNT II**
**MISREPRESENTATION**

47. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. Defendants Canyons End, LLC and Robert McDowell made false material representations to Plaintiff that it would assume liability for the tax debts of the Property and would timely execute any documents necessary to settle the liens.

49. Defendants knew those statements were false and intended Plaintiff to act upon these statements, the misrepresentations were an inducing cause for Plaintiff entering into the Agreement.

50. Plaintiff was ignorant of the falsity, had the right to rely on Defendants' statements and in fact materially relied on the truth of the representation in executing the Agreement.

51. Plaintiff therefore requests rescission of the Agreement and further alleges he have or will have suffered consequent and proximate injury in the form of monetary damages as a result of the reliance on the misrepresentations.

**COUNT III**
**BREACH OF CONTRACT**

52. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. Based on the allegations set forth herein, Defendant Canyons End, LLC, by and through its member/agent Defendant Robert McDowell, has breached the terms of the Agreement by, *inter alia*, failing to timely assume the tax liens associated with the Property and failing to contact and/or execute the necessary documents to assume the tax liens.

54. Plaintiff requests that the Court enforce the terms of the Agreement, including specific performance and/or damages resulting from the Defendants' breach thereof, in a specific amount to be determined by the Court or the trier of fact, plus interest, attorneys' fees and costs incurred herein.

55. Plaintiff is entitled to any other equitable relief that may be available, including recovery of their attorneys' fees, costs and interest pursuant to, *inter alia*, A.R.S. §§ 12-341.01, 12-1101, *et seq.*, and to such other relief as the Court deems appropriate

56. Defendant is indebted to Plaintiff for the amount of the tax liens in the amount of $197,128.90.

57. Defendant's breach of the Agreement was material and has resulted in damages to Plaintiff.

**COUNT IV**
**BREACH OF CONTRACTUAL DUTY**
**OF GOOD FAITH AND FAIR DEALING**

58. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. Defendant Canyons End, LLC, by and through its member/agent Defendant Robert McDowell, owed Plaintiff a duty under Arizona law to act fairly and in good faith, and to ensure that Plaintiff received the benefits of Plaintiff's contract with Defendants.

60. Based on the allegations set forth herein, Defendants have breached their duty to not act in a way that impairs the rights of the other to receive the benefits which flow from the contractual agreement.

61. Defendants have used the terms of the agreement in such a way as to deny Plaintiff his reasonably expected benefit of the bargain.

62. Plaintiff has been detrimentally affected by Defendants' breach and Plaintiff has suffered damages as a result.

/ / /

/ / /

/ / /

**COUNT V**
**QUIET TITLE**

63. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64. Plaintiff requests that the Court quiet title to Plaintiff in and to a fee simple absolute one hundred percent (100%) interest in the Property.

65. Plaintiff further requests that the Court award Plaintiff his costs and attorney's fees pursuant to A.R.S. § 12-1103(B).

**COUNT VI**
**CONVERSION**

66. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67. By removing and/or allowing the removal of the fixtures, furniture and other property from the Property, Defendants have intentionally wrongfully exercised dominion and/or control over Plaintiff's property and has interfered with the right of Plaintiff to access, control and use of his property.

68. Plaintiff is damaged by Defendant's conversion of his property in an amount exceeding $20,000, to be proven at trial.

/ / /

/ / /

## COUNT VII
## UNJUST ENRICHMENT

69. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70. Plaintiff has conferred a benefit on Defendants by including the fixtures, furniture and other property to remain within the Property at the time of transfer.

71. Defendants knew and/or know the benefit of the fixtures, furniture and other property and have in fact sold/transferred that Property for their beneficial use.

72. Based on the allegations set forth herein, and under the circumstances, it is inequitable for Defendants to retain the benefits without paying a value in return.

## COUNT VIII
## FRAUDULENT TRANSFER/CONVEYANCE

73. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74. Plaintiff's litigation against Defendant Canyons End, LLC and/or Robert McDowell constitutes a claim against Defendants rendering Plaintiff a creditor of Defendants within the meaning of A.R.S. §§ 44-1001 and 44-1004.

75. The transfer of fixtures, furniture and other property within the Property from Defendants Canyons End, LLC and/or Defendant McDowell to Anchor Smokehouse, LLC and/or Defendant Laura Herrera, constituted transfers pursuant to A.R.S. §§ 44-1001 and 44-

1004, and were made with actual intent to hinder, delay, or defraud present and/or future creditors of Defendants Canyons End, LLC and/or Defendant Robert McDowell.

76. Accordingly, Plaintiff is entitled to the relief provided by Ariz. Rev. Stat. § 44-1007.

**COUNT VIIII**
**DECLARATORY JUDGMENT**

77. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 76 of this Complaint as though fully set forth herein.

78. Plaintiff requests the Court to declare the rights, obligations and duties of the parties pursuant to the Agreement, specifically that Defendants must notify and execute the necessary documents to assume the IRS tax lien and the tax lien from the State of Arizona connected with the Property in the total amount of $197,128.90 or pay those funds to Plaintiff.

79. Plaintiff requests the Court to declare the rights, obligations and duties of the parties pursuant to Defendants' breach of the Agreement, specifically, that Plaintiff owns the Property at issue.

80. Plaintiff requests the Court to declare the rights, obligations and duties of the parties pursuant to Defendants' breach of the Agreement, specifically, that the transfers alleged between Defendants are void.

81. Such other and further relief as the court deems necessary.

/ / /

## COUNT X
## PIERCING CORPORATE VEIL

82. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 81 of this Complaint as though fully set forth herein.

83. Upon information and belief, Canyons End, LLC is not a properly organized limited liability corporation and/or observed little or no corporate formalities and/or has little or no corporate records and/or observing the corporate form would serve an injustice.

84. Upon information and belief, Defendant Canyons End, LLC is not operated as a distinct business entity and is a mere shell/instrumentality/alter ego of Robert McDowell and/or was a mere facade for the individual dealings of Defendant Robert McDowell.

85. Upon information and belief, Defendant Robert McDowell has fraudulently used Defendant Canyons End, LLC to perpetrate a fraud.

86. Upon information and belief, Defendant Canyons End, LLC is and at all times was insufficiently capitalized and/or was insolvent for purposes of corporate undertakings.

87. Upon information and belief, Defendant Canyons End, LLC's funds, if any, were commingled with and/or used solely for the benefit of Defendant Robert McDowell.

88. Upon information and belief, Defendant Canyons End, LLC did not have functioning officers or directors other than Robert McDowell, which facilitated misuse and Defendants have diverted corporate property for personal use.

89. Defendant Robert McDowell, as the sole manager/member of Defendant Canyons End, LLC, must be liable for the actions of Defendant Canyons End, LLC.


Case 0:21-ap-00108-MCW Doc 1-9 Filed 04/22/21 Entered 04/22/21 11:02:53 Desc
Exhibit 9 Complaint Page 15 of 81

WHEREFORE, Plaintiff CARY L. SCHWEITZER prays for judgment against Defendants, jointly and severally as follows:

A. For said actual, general, special, consequential and punitive damages in a sum or sums to be proven at trial, but which in any event exceed the minimum jurisdiction of this Court;

B. For rescission of the Agreement and/or damages resulting therefrom;

C. That defendants be barred and forever estopped from having or claiming any right or title to the Property adverse to Plaintiff;

D. That Defendants be ordered to vacate the Property upon entry of Judgment;

E. For a declaratory judgment as set forth above;

F. For Garnishment against those Defendants who received the transfers of property in accordance with the procedure prescribed by law in obtaining such a remedy;

G. For attachment against the assets transferred or other property of the Defendants in accordance with the procedure prescribed by law in obtaining such remedy;

H. For pre-judgment and/or post-judgment interest at the statutory rate;

I. For Plaintiffs' reasonable attorneys' fees and costs incurred and accruing herein, in a specific amount to be determined at trial or, in the event that judgment is entered by default, $5,000 or such lesser amount as may be supported by affidavit pursuant to, *inter alia*, A.R.S. §§ 12-341.01 and 12-1211, *et seq.* and Arizona Rule of Civil Procedure 54;

J. For costs incurred herein; and

/ / /

/ / /

K. For such other and further relief as the Court may deem appropriate.

DATED this 25th day of February, 2020.

MURPHY, SCHMITT,
HATHAWAY, WILSON & BECKE, P.L.L.C.

By: *<u>/s/ Kristyne M. Schaaf-Olson</u>*
Kristyne M. Schaaf-Olson, Esq.
P. O. Box 591
Prescott, AZ 86301-0591
*Attorneys for Plaintiff Cary L. Schweitzer*

# EXHIBIT 1

# EXHIBIT 1

Recording Requested by:
First American Title Insurance Agency of Mohave, Inc.

When recorded mail to:
Cary Lynn Schweitzer and Laurie Ann Pfarr
26541 North Verde Road
Meadview, AZ 86444

**FEE# 2011016842**

OFFICIAL RECORDS OF MOHAVE COUNTY
CAROL MEIER, COUNTY RECORDER
03/29/2011 03:43 PM Fee $16.00
PAGE: 1 of 6

FIRST AMERICAN TITLE
ELECTRONICALLY RECORDED

# WARRANTY DEED

Escrow No. **291-5368954 (SAS)**

For the consideration of TEN AND NO/100 DOLLARS, and other valuable considerations, I or we,

**Leon J. Cloutier and Lois E. Cloutier, husband and wife and Kenneth W. Cloutier, a single man**, the GRANTOR does hereby convey to

**Cary Lynn Schweitzer, an unmarried man and Laurie Ann Pfarr, an unmarried woman**, the GRANTEE

The following described real property situate in **Mohave** County, **Arizona** with the title being conveyed to the grantee as set forth in the attached acceptance by the grantee:

**LOT 719, OF MEADVIEW UNIT THREE, ACCORDING TO THE PLAT THEREOF, RECORDED APRIL 24, 1961, AT FEE NO. 102818 IN THE OFFICE OF THE COUNTY RECORDER OF MOHAVE COUNTY, ARIZONA.**

**EXCEPT THEREFROM, ALL COAL, OIL, GAS AND MINERAL DEPOSITS AS RESERVED IN INSTRUMENT RECORDED IN BOOK 71 OF DEEDS, PAGE 163.**

**Subject To:** Existing taxes, assessments, covenants, conditions, restrictions, rights of way and easements of record.

And the GRANTOR does warrant the title against all persons whomsoever, subject to the matters set forth above.

DATED: February 15, 2011

SEE ACCEPTANCE ATTACHED HERETO

AND BY REFERENCE MADE A PART HEREOF.

Leon J. Cloutier [signature]

Lois E. Cloutier [signature]

Kenneth W. Cloutier

Recording Requested by:
First American Title Insurance Agency of Mohave, Inc.

When recorded mail to:
Cary Lynn Schweitzer and Laurie Ann Pfarr
26541 North Verde Road
Meadview, AZ 86444

# WARRANTY DEED

Escrow No. **291-5368954 (SAS)**

For the consideration of TEN AND NO/100 DOLLARS, and other valuable considerations, I or we,

**Leon J. Cloutier and Lois E. Cloutier, husband and wife and Kenneth W. Cloutier, a single man**, the GRANTOR does hereby convey to

**Cary Lynn Schweitzer, an unmarried man and Laurie Ann Pfarr, an unmarried woman**, the GRANTEE

The following described real property situate in **Mohave** County, **Arizona** with the title being conveyed to the grantee as set forth in the attached acceptance by the grantee:

**LOT 719, OF MEADVIEW UNIT THREE, ACCORDING TO THE PLAT THEREOF, RECORDED APRIL 24, 1961, AT FEE NO. 102818 IN THE OFFICE OF THE COUNTY RECORDER OF MOHAVE COUNTY, ARIZONA.**

**EXCEPT THEREFROM, ALL COAL, OIL, GAS AND MINERAL DEPOSITS AS RESERVED IN INSTRUMENT RECORDED IN BOOK 71 OF DEEDS, PAGE 163.**

**Subject To:** Existing taxes, assessments, covenants, conditions, restrictions, rights of way and easements of record.

And the GRANTOR does warrant the title against all persons whomsoever, subject to the matters set forth above.

DATED: February 15, 2011

SEE ACCEPTANCE ATTACHED HERETO
AND BY REFERENCE MADE A PART HEREOF.

Leon J. Cloutier

Lois E. Cloutier

Kenneth W. Cloutier

STATE OF ____________________ )
)ss.
County of ____________________ )

On ______________________________, before me, the undersigned Notary Public, personally appeared **Leon J. Cloutier and Lois E. Cloutier**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

My Commission Expires: ______________________ Notary Public

STATE OF ARIZONA )
)ss.
County of Mohave )

On March 21, 2011, before me, the undersigned Notary Public, personally appeared **Kenneth W. Cloutier**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

My Commission Expires: 6/14/13 Notary Public

OFFICIAL SEAL
SARAH STRAUBE
NOTARY PUBLIC - State of Arizona
MOHAVE COUNTY
My Comm. Expires June 14, 2013

## ACCEPTANCE OF JOINT TENANCY

This Acceptance is to be attached to: Warranty Deed dated **February 15, 2011** by and between **Leon J. Cloutier and Lois E. Cloutier and Kenneth W. Cloutier** and **Cary Lynn Schweitzer and Laurie Ann Pfarr.**

That each of the undersigned individually and jointly as such Grantees hereby declare that it is their intention to accept such conveyance as joint tenants with right of survivorship and not as a community property estate and not as tenants in common, and to acquire any interest in said real property under said deed as joint tenants with right of survivorship, and not as a community property estate and not as tenants in common.

That by the execution and delivery to the Escrow Agent of this "Acceptance of Joint Tenancy" the undersigned intend to evidence their acceptance of said deed as joint tenants, and hereby direct and authorize the Escrow Agent to attach this "Acceptance of Joint Tenancy" to such deed upon its execution and delivery and to record this "Acceptance of Joint Tenancy" together with such deed.

Date: **February 15, 2011**

Cary Lynn Schweitzer

Laurie Ann Pfarr

STATE OF **ARIZONA** )
)ss.
County of Mohave )

On 3.17.2011, before me, the undersigned Notary Public, personally appeared **Cary Lynn Schweitzer**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public

My Commission Expires:
7.23.2013

OFFICIAL SEAL
DEBBIE L. ZORN
NOTARY PUBLIC - State of Arizona
MOHAVE COUNTY
My Comm. Expires July 23, 2013

STATE OF ARIZONA )
)SS.
County of Mohave )

On 3.17.2011, before me, the undersigned Notary Public, personally appeared **Laurie Ann Pfarr**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Debbie L. Zorn
Notary Public

My Commission Expires:
7.23.2013

OFFICIAL SEAL
DEBBIE L. ZORN
NOTARY PUBLIC - State of Arizona
MOHAVE COUNTY
My Comm. Expires July 23, 2013

# EXHIBIT 2

# EXHIBIT 2

3

FEE# 2015017768

OFFICIAL RECORDS
OF MOHAVE COUNTY
CAROL MEIER,
COUNTY RECORDER

04/23/2015 03:10 PM Fee: $10.00

PAGE: 1 of 3

**RECORDED AT THE REQUEST OF:**
Richard L. Basinger, Esq.

**When recorded, return to:**
Richard L. Basinger, Esq.
Basinger Legal Services, PLC
441 Astor Avenue
Kingman, AZ 86409-3514

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# QUIT CLAIM DEED

**KNOW ALL MEN BY THESE PRESENTS**, that for the consideration of Five Dollars ($5.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, **Laurie Ann Pfarr**, an unmarried woman (hereafter the "**Grantor**"), does hereby quit-claim and convey to **Cary Lynn Schweitzer**, an unmarried man (hereafter the "**Grantee**"), all right, title, and interest whatsoever the Grantor has or may have in the following described real property with appurtenances, (hereinafter the "**Property**") in Mohave County, Arizona identified as APN 343-07-176 in Mohave County, Arizona, more particularly described as follows:

> Lot 719, of Meadview Unit Three, according to the plat thereof, recorded April 24, 1961, at Fee No. 102818 in the Office of the County Recorder of Mohave County, Arizona.

**Exempt from Affidavit of Value by A.R.S. § 11-1134(A) (4)**

**IN WITNESS WHEREOF, this instrument is executed this** 20th **day of April, 2015.**

**GRANTOR:**

Laurie Ann Pfarr

Laurie Ann Pfarr

**STATE OF CALIFORNIA )**
**) ss**
**County of San Bernardino )**

See attached California

On this ____ **day of April, 2015**, before me Acknowledgment
(Insert name and title of the officer)

the undersigned Notary Public, personally appeared **Laurie Ann Pfarr,** who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the said instrument, and acknowledged to me that she executed the same in her authorized capacity, and by her signature on the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS my hand and official seal.**

**Signature:** ______________________________
**Notary Public**

**Seal:**

F:\Business Documents\Schweitzer, Cary\Pharr, Laurie Ann\Property\04-17-15 Pfarr Quit Claim Deed - CA.doc

# ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }

County of San Bernardino }

On April 20,2015. before me, Floyd A. Barten, Notary Public,
(Here insert name and title of the officer)

personally appeared Laurie Ann Pfarr,
who proved to me on the basis of satisfactory evidence to be the person(~~s~~) whose name(~~s~~) (is)/are subscribed to the within instrument and acknowledged to me that he/(she)/they executed the same in his/(her)/their authorized capacity(~~ies~~), and that by his/(her)/their signature(~~s~~) on the instrument the person(~~s~~), or the entity upon behalf of which the person(~~s~~) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

FLOYD A. BARTEN
Commission # 2013168
Notary Public - California
Riverside County
My Comm. Expires Mar 18, 2017

WITNESS my hand and official seal.

[signature]

Notary Public Signature (Notary Public Seal)

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

Quit Claim Deed
(Title or description of attached document)

APN 343-07-176
(Title or description of attached document continued)

Number of Pages 3 Document Date 4/20/15

CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer

  ______ (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other ______

2015 Version www.NotaryClasses.com 800-873-9865

INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknolwedgents from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/~~they~~, is /~~are~~ ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

# EXHIBIT 3

# EXHIBIT 3

FILED: 2/11/2018 3:04:07 PM AZ
CORP. COMMISSION

FILE #: L22593370

DOCUMENT # 06249360

DO NOT WRITE ABOVE THIS LINE; RESERVED FOR ACC USE ONLY.

# ARTICLES OF ORGANIZATION

1. **ENTITY TYPE:** LIMITED LIABILITY COMPANY

2. **ENTITY NAME:** CANYONS END, LLC

3. **FILE NUMBER:** L22593370

4. **STATUTORY AGENT NAME AND ADDRESS:**

   Street Address:

   ROBERT MCDOWELL
   28950 PIERCE FERRY RD
   MEADVIEW , AZ 86444

   Mailing Address:

5. **ARIZONA KNOWN PLACE OF BUSINESS ADDRESS:**

   28950 PIERCE FERRY RD
   MEADVIEW , AZ 86444

6. **DURATION:** Perpetual

7. **MANAGEMENT STRUCTURE:** **Member-Managed**

The names and addresses of all Members are:

1 **ROBERT MCDOWELL**
28950 PIERCE FERRY RD
MEADVIEW, AZ 86444

**SIGNATURE:** Robert McDowell 2/11/2018

# EXHIBIT 4

# EXHIBIT 4

Seller and Buyer agree as follows:

**DEFERRED BALANCE/CARRYBACK:**

1. A portion of the purchase price in the amount of $225,000.00 is to be paid by means of deferred payments reflected in a Promissory Note secured by a Deed of Trust. (Note: If the deferred balance is to be paid by means of a promissory note secured by a deed of trust, the trustee named in the deed of trust will be Pioneer Title Agency, Inc. ("The Company"), unless otherwise specified by the parties.). The beneficial/vendor interest in all future payments under the deed of trust/agreement for sale will be held by the payees indicated thereon as: Cary Lynn Schweitzer, an unmarried man.

2. **Payment Terms:**

Payable in monthly installments of **$3,168.40** or more on or before the **SAME day** of every month, beginning **30 days from the close of escrow**, with interest on all unpaid principal at the rate of **5.0% per annum** from **the close of escrow**, payable monthly, the interest to be first deducted from the regular monthly installments and the balance to be applied upon the principal.

The Payor/Trustor may prepay all amounts due hereunder in full or in part, at any time without prepayment penalty.

A late charge of **$316.00** shall be due if any payment is not received by **Cary Lynn Schweitzer, An Unmarried Man** within **fifteen days** after payment due date. It is understood and agreed that, in the event the required late fee does not accompany a late payment, said unpaid late fee shall accumulate as a separate balance that shall not accrue interest. Any unpaid accrued late charges, if not sooner paid, will have to be paid prior to the release of the lien against subject property.

In the event the Payor convey(s) title to the property which is the security for this Note, or conveys title to any portion thereof or interest therein; or in the event title to the subject property, or any portion thereof or interest therein, is vested in any person or entity other than the undersigned without the written consent of the Payee of this Note, the entire unpaid principal and accrued interest shall be immediately due and payable.

Buyer and Seller herein authorize The Company to insert dates in the original executed Note/Agreement for Sale and Account Servicing Instructions at close of escrow in accordance with the terms and conditions set forth herein.

3. **Account Servicing.** Payments made by Buyer under any deed of trust/agreement for sale used to finance this transaction are to be paid directly to Seller. If an account servicing agent is to be used, Seller and Buyer appoint The Company as account servicing agent and hereby agree to execute and be bound by the terms and conditions of, and to pay the fees provided in, The Company's standard form of Account Servicing Agreement. Fees shall be paid as follows:

Set Up Fee paid by N/A
Service Charge N/A
Tax Service Contract on Carryback Seller and Buyer herein do not require a Tax Service Contract for this transaction.

4. **Loan Policy:** Standard Loan Policy to be issued to Seller, at Seller's expense.

---

## TERMS AND CONDITIONS OF ESCROW

Seller and Buyer further agree as follows:
The Buyer waives a survey on subject property. Escrow Agent is relieved of liability in regard to said waiver.

If any well is located on subject property, prior to close of escrow, Seller shall deliver to Escrow Agent the Arizona Department of Water Resources "Registration of Existing Wells". Escrow Agent is instructed to send completed "Change of Well Information" to the Arizona Department of Water Resources at close of escrow, along with $30.00 registration fee, paid by Buyer.
Prior to the close of escrow, Buyer is to obtain a new fire insurance policy in a minimum amount of liens affecting subject property (or guarantee replacement policy), naming lienholder(s) as loss payee(s).

## DEPOSIT/DISBURSAL OF DOCUMENTS AND FUNDS:

**1. Deposit of Documents and Funds.**

(a) They will deposit with Escrow Agent the necessary documents and funds to complete this transaction. Except for the earnest money deposit, all funds required hereunder shall be deposited into escrow prior to closing in the form of a cashier's check or wired funds. All foreign funds must be wire transferred in the form of U.S. Dollars.

(b) All monies deposited with Escrow Agent in connection with this escrow will be deposited into one or more non-interest bearing escrow trust accounts of Escrow Agent with a financial institution (the "Funds Depository") whose deposits are covered by FDIC or FSLIC insurance. The parties acknowledge that funds so deposited are insured only to the limit provided by the FDIC/FSLIC and therefore release Escrow Agent from any liability for loss which may result from a lack of insurance as guaranteed by the current coverage of FDIC or FSLIC. The parties may request that any funds they deposit be placed in an interest-bearing account in accordance with instructions and fees as set forth in their Escrow Deposit Receipt.

**2. Disbursement of Funds.** Escrow Agent is authorized to pay, from funds deposited and held for said purpose, all amounts necessary to procure the documents and pay the charges and obligations necessary to consummate this transaction. The balance of the proceeds, if any, is to be paid to Seller(s) as their interest(s) may appear. Escrow Agent has no obligation to disburse any funds deposited by check/draft until advised by the bank that the check/draft has been honored. In the event any check/draft given by, or on behalf of, a party is subsequently dishonored, the party receiving the funds agrees to refund any remittance made to that party by Escrow Agent.

**3. Completion, Recording and Delivery of Documents.**

(a) Escrow Agent is authorized to execute and record on the parties' behalf the Affidavit of Real Property Value using the total consideration for the established value.

(b) Escrow Agent may, in its sole discretion, delete or make unreadable personal identifying information (such as social security or driver's license numbers) contained on documents to be recorded, unless such information is necessary for a document's validity or in order for it to be recorded.

(c) Deed Compliance. Seller authorizes Escrow Agent, if necessary, to change the Buyer's name on the executed deed to match the Buyer's name exactly as shown on the deed of trust provided by Buyer's lender, if applicable.

(d) Seller and Buyer acknowledge that deposit of Buyer's final closing funds into escrow, and Seller's deposit of all documents required for closing, shall constitute authorization to Escrow Agent to close this transaction upon fulfillment of any additional escrow/title requirements. At that time, Escrow Agent shall deliver to the proper person/entity, or file/record in the appropriate public office, all documents required to be delivered, filed or recorded to consummate this transaction.

## PRORATIONS AND CHARGES

**4. Taxes/Assessments.** Unless the parties agree in writing that there shall be no prorations, real property taxes, improvement lien assessments, homeowner's association assessments and irrigation fees, if applicable, are to be prorated based on the latest tax/assessment bill(s) available to Escrow Agent at the close of escrow. All transfer fees will be split equally between Buyer and Seller.

The amount of any assessment or fee that is a lien at close of escrow shall be paid: In full by Seller.

Any assessment or fee that becomes a lien after close of escrow shall be Buyer's responsibility. Escrow Agent is not liable in the event a subsequent tax/assessment bill is different from that used as the basis for the proration. Any adjustment necessary because of a change reflected in a later tax/assessment bill will be settled between the parties outside of escrow. Seller and Buyer agree that all prorations required in this escrow shall be calculated on the basis of a 365 day year unless otherwise instructed.

**5. Rents.** Any rents are to be prorated based on a rent statement to be provided to Escrow Agent by Seller and approved by Buyer prior to close of escrow. Any security deposits will be charged to Seller and credited to Buyer.

**6. Escrow Charges.** Except in the case of VA or FHA loans, or as otherwise agreed between the parties, escrow charges will be allocated between Seller and Buyer as follows:

**a. To be charged to Buyer:** Recording fees for deeds and deeds of trust; courier/express mail charges for documents sent to Buyer or Buyer's lender, mortgage broker, or any other person/ entity pertaining to Buyer; e-mail fees for loan document(s); and wire fees for funds received or disbursed on Buyer's behalf or as directed by Buyer.

**b. To be charged to Seller:** Recording fees for Affidavits of Disclosure, Affidavits of Property Value, releases and other documents needed to clear title; courier/express mail charges for documents or payments sent to Seller or Seller's lienholders/payees or any other person/entity pertaining to Seller; reconveyance tracking fees; and wire fees for loan payoffs, Seller's proceeds and any other funds as directed by Seller.

**c. Other fees or charges:** Allocated to Seller and/or Buyer according to which party incurred the particular fee or charge.

**d. In the case of a VA or FHA loan,** charges will be allocated according to VA or FHA requirements.

**7. Unclaimed Funds Charges.**

A. Stale Dated Checks: If for any reason a check from Escrow Agent is not cashed within six (6) months from the date of issuance, a $25.00 charge will be assessed by Escrow Agent for re-issuance of the check.

B. Escheat: If for any reason a check from Escrow Agent is not cashed for one year or more, Escrow Agent will deduct a charge of $25.00 per month from the funds as custodian for maintaining the funds in its account until the entire sum of said uncashed check has been exhausted or a claim has been made for the remainder. In the event three (3) years elapses, any unclaimed remainder will be sent to the State of Arizona escheat fund.

C. Funds Held Pending Dispute Resolution: If for any reason funds remain in an escrow after the closing date due to a dispute wherein Escrow Agent has given Seller and Buyer at least thirty (30) days notice that said charge will accrue, Escrow Agent will deduct a monthly charge of $25.00 from those funds as custodian for maintaining the funds in its escrow account. The deductions will occur on a monthly basis until (i) the entire sum in the escrow has been exhausted or (ii) the dispute has been resolved by mutual, written agreement or a final, non-appealable court order, whereupon Escrow Agent will distribute the remainder as directed in the agreement or court order.

**PAYOFF/LENDER/INSURANCE REQUIREMENTS**

**8. Payoff Statements.** Escrow Agent is authorized to act upon any statement furnished by a lienholder, payee or collection agent for a lienholder or payee related to the payoff of any lien against, or charge or assessment related to, the property, without liability or responsibility for the accuracy thereof. Any adjustment necessary because of a discrepancy between the statement furnished to Escrow Agent and an amount later determined to be correct shall be settled between the parties outside of escrow.

**9. Lender Requirements.** If Buyer is obtaining a new loan, Escrow Agent is authorized to furnish a copy of the Settlement Statement and any other information which may be required to Buyer's proposed lender in order to induce said lender to furnish the loan required to complete this transaction.

**10. Homeowner/Fire/Hazard ("Homeowner's") Insurance** will be provided as follows:

☑ Buyer shall obtain a new homeowners insurance policy as required by lender for a new or existing loan.

**TITLE AND ESCROW**

**11. Escrow Instructions.** Escrow Agent shall have no responsibility in connection with these Escrow Instructions until such time as they have been executed by Seller and Buyer and deposited with Escrow Agent. Escrow Agent shall not be bound by, nor be obligated to act upon, any instruction, demand or notice not in writing and signed by the party delivering such instruction, demand or notice.

**12. Indemnification/Hold Harmless.** Seller and Buyer relieve Escrow Agent of any liability for any errors or omissions by the Seller or Buyer as to statements furnished hereunder, representations made and/or the condition of the property. Seller and Buyer further agree to indemnify and hold harmless Escrow Agent against all costs, damages, attorneys fees, expenses and liabilities which it may incur or sustain arising out of or in connection with this transaction or these Escrow Instructions, unless the same has been caused by the negligence or willful misconduct of Escrow Agent.

**13. Title.** Seller shall convey title by general warranty deed. Buyer will take title as determined before close of escrow. As the manner of taking title may have significant legal, estate planning and tax consequences, Buyer may wish to obtain legal and/or tax advice prior to making this determination.

**14. Title Insurance.** Unless otherwise specified in writing by the parties Buyer shall be provided, an ALTA Homeowner's Title Policy or, if not available, an ALTA Residential Title Insurance Policy or, if not available, a Standard Coverage form of title insurance policy. The title insurance provided for herein shall be subject to the conditions of, and evidenced by the commitment for, title insurance issued by the underwriter. Buyer should examine the commitment carefully for coverages provided and make its own investigation of matters related to the real property if not covered therein and considered material to Buyer.

**CANCELLATION/RESIGNATION/DISPUTES**

**15. Resignation.** At any time and in its sole discretion, Escrow Agent can resign as escrow agent by sending written notice to Seller and Buyer. Unless otherwise specified in writing by the parties, all money and documents held by Escrow Agent will be returned to the party who delivered them into escrow, less any applicable charges, without further liability.

**16. Conflicting Demands.** In the event conflicting demands are made upon Escrow Agent concerning these instructions or this escrow, Escrow Agent is authorized to hold any money and documents deposited hereunder until it receives mutual, written instructions or a final, non-appealable court order determining the rights of all parties. Alternatively, Escrow Agent may, at its

discretion and at any time, commence a civil action to interplead any conflicting demands to a court of competent jurisdiction. In accordance with the Indemnification/Hold Harmless Paragraph; the parties will pay any expenses, costs and attorneys' fees incurred by Escrow Agent in connection with the interpleader action and any appeal. They therefore authorize and direct Escrow Agent to deduct all such expenses, costs and attorney's fees from any escrowed funds before depositing those funds into court.

**17. Cancellation.** Unless otherwise specified in writing by the parties, any party who wishes to cancel this escrow because of any material breach by the other party, and who is not in material breach except as occasioned by a material breach by the other party, may cancel this escrow by delivering written notice of cancellation to either the breaching party or the Escrow Agent stating the nature of the breach. Cancellation shall become effective immediately upon delivery of the written notice of cancellation to either the breaching party or Escrow Agent.

**18. Release of Earnest Money.** Escrow Agent is authorized, in the event of a dispute between Seller and Buyer regarding the earnest money deposited with Escrow Agent, to release the earnest money pursuant to the terms and conditions of these Escrow Instructions. Seller and Buyer specifically authorize Escrow Agent to act in its sole and absolute discretion in the release of the earnest money. Seller and Buyer agree to hold harmless and indemnify Escrow Agent against any claim, action or lawsuit of any kind, and from any loss, judgment or expense, including costs and attorney's fees, arising from or relating in any way to the release of the earnest money.

**EXCLUDED MATTERS/PERSONAL PROPERTY**

**19. Personal Property.** The following personal property is to be transferred as part of this transaction: See list of personal property attached hereto and made a part thereof.

Escrow Agent assumes no liability for the transfer of personal property, its physical condition or legal status. Unless otherwise specified by the parties, any personal property is being transferred for no monetary value.

**20. Excluded Matters.** The following matters will be handled by the parties direct and outside escrow and Escrow Agent shall have no liability or responsibility therefore: possession of the real or personal property; transfer or payment of utilities (including but not limited to electric, gas, telephone, water, sewer or irrigation); collection of cancellation premiums from Seller's homeowners/fire/hazard insurance policy; renewal, procurement, assignability or effectiveness of flood insurance or any other policies of insurance (except as set forth in Paragraph 10); payment of personal property taxes (other than for unaffixed mobile homes); and treatment of wood infestation.

**MISCELLANEOUS**

**21. Real Estate Commissions.** The parties represent there are no Broker(s) entitled to commission for this transaction.

**22. Binding Contract/Amendments.** These Escrow Instructions and any addenda, supplements or amendments thereto form the only binding contract wherein Seller agrees to sell and Buyer agrees to purchase the subject property under the terms and conditions contained herein. No addenda, supplement or amendment to these Escrow Instructions shall be of any force or effect unless made in writing, signed by the parties and delivered to and accepted by Escrow Agent.

**23. Counterpart and Facsimile Signatures.** Any documents pertaining to this escrow that are signed in counterpart shall constitute one document, including but not limited to, escrow instructions, supplements, deeds, acceptances, Affidavits of Value and Affidavits of Affixture. Escrow Agent may accept these escrow instructions with facsimile signatures and such instructions shall be considered contractually binding between the parties whether or not the originals are received by Escrow Agent.

**24. Settlement Statements.** Seller and Buyer understand that a combined Settlement Statement and/or Closing Statement may be provided to each party to facilitate this transaction.

**25. Close of Escrow.** The day established within which compliance with any requirements must be met shall end at the close of the regularly established public business hours of Escrow Agent for that day; provided, however, that should Escrow Agent or the applicable county recorder be closed on the Close of Escrow date, the requirements may be met on the next day that both are open for business.

**STATUTORY DISCLOSURES**

**26. Purchaser Dwelling Actions.** Pursuant to Arizona Revised Statutes ("A.R.S") §12-1363.L, notice is hereby provided to the buyer of a dwelling of the provisions of A.R.S. §§12-1361, 1362 and 1363. These statutory sections set forth the requirements to be met by a buyer prior to bringing an action against the seller of a dwelling arising out of or related to the design, construction, condition or sale of the dwelling. "Dwelling" means a single or multifamily unit designed for residential use and common areas and improvements owned or maintained by an association or its members. "Seller" means any person, firm, partnership, corporation, association or other organization engaged in the business of designing, constructing, or selling dwellings. The complete statutory sections (located in Title 12, Article 14) can be viewed on the Arizona State Legislature's website: www.azleg.gov/ArizonaRevisedStatutes.asp.

**27. Closing Protection Letters.** Pursuant to A.R.S. §6-841.02.A, if you are a buyer or seller of a residential dwelling and a title insurance policy is to be issued by a title insurer through which Escrow Agent is underwritten, disclosure is hereby made that the title insurer shall offer on request a closing protection letter that provides protection for the loss of escrow monies due to fraud or dishonesty of the escrow agent. A "residential dwelling" is defined as an owner occupied structure or an investment property that is designated for residential use by four or fewer families. (A.R.S. 6-841.02.C).

**28. Uninsured Monies.** Pursuant to A.R.S. §6-841.03, if you are a buyer or seller of a residential dwelling (as defined in Paragraph 27, Closing Protection Letters, above), disclosure is hereby made that monies deposited in an escrow account are not insured against loss from fraud or theft by the State of Arizona or the United States government.

**29. Good Funds Law.** All parties are aware and understand that Arizona Revised Statutes §6-843 requires that an escrow agent disburse money from an escrow account only if funds are deposited and available for withdrawal. Availability of funds is determined as follows:

(i) ELECTRONIC TRANSFERS ("wired funds") are available for disbursement THE SAME DAY AS RECEIVED.

(ii) CASHIER'S CHECKS, CERTIFIED CHECKS, OFFICIAL CHECKS AND TELLER'S CHECKS are available for disbursement THE SAME DAY AS DEPOSITED.

In order to avoid delays of two days or more, please use the above methods of payment whenever possible.

**30. Arizona's Notary Laws.** Under Arizona law, "satisfactory evidence of identity" for purposes of a notary's acknowledging signatures or performing jurats includes, but is not limited to: (i) a driver's license issued by a state or territory of the U.S.; (ii) a U.S. passport , (iii) an identification card issued by any branch of the U.S. armed forces; or (iv) an identification card issued by the U.S., or a state or tribal, government containing the individual's photograph, signature and physical description. For purposes of a real estate conveyance or financing, such evidence may also include (i) a passport issued by a foreign government if accompanied by a visa or other documentation issued by the U.S. government to establish the individual's legal presence in the U.S or (ii) identification deemed acceptable by the U.S. Department of Homeland Security to establish the individual's legal presence in the U.S. and any supporting documents required by said Department. All forms of identification must be unexpired. To avoid any delays in closing your transaction, you should determine as soon as possible what form(s) of identification you have. If you do not have one of the forms specified herein, you should apply for and obtain an appropriate form of identification prior to closing.

**31. Governing Law/Jurisdiction. These Escrow Instructions shall be governed by, construed and enforced in accordance with the internal substantive laws of the State of Arizona (without reference to choice of law principals). Any suit, action or other proceeding (collectively, the "Proceedings") brought to interpret, enforce or construe these Escrow Instructions or Escrow Agent's obligations relating thereto or to the transaction which is the subject of this Agreement shall be commenced and maintained solely in an appropriate court of the State of Arizona. In furtherance thereof, with regard to said Proceedings, the undersigned (i) irrevocably submit to the process, jurisdiction and venue of said Arizona courts and (ii) waive and agree not to assert by way of motion, defense, complaint or otherwise any claim that a party is not personally subject to the jurisdiction of said Arizona courts, or that the forum or venue of such Proceedings in Arizona is inconvenient or improper.**

**32. PROFESSIONAL/LEGAL/TAX REVIEW. Seller and Buyer understand that Escrow Agent's employees are not licensed real estate agents or attorneys and are prohibited from giving legal, real estate or investment advice and will not negotiate the transaction. They further acknowledge that Escrow Agent has made no representations, either orally or through these Escrow Instructions, as to the legal effect of the transaction described herein under any applicable federal or state laws or regulations, including but not limited to tax or contract laws, or laws otherwise affecting the rights and responsibilities of the parties. By executing these instructions, Seller and Buyer acknowledge that they have been given sufficient opportunity to have these instructions reviewed by professional, legal and tax advisors of their choice and have satisfied themselves as to the legal and tax effects, consequences and risks that may be imposed by this transaction.**

**THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE MATTERS CONTAINED IN THESE ESCROW INSTRUCTIONS. THEY FURTHER UNDERSTAND THAT ESCROW AGENT IS RELYING UPON THIS ACKNOWLEDGMENT IN CLOSING THE SUBJECT ESCROW.**

**SELLER:**

Cary Lynn Schweitzer — Date

**BUYER:**
**Canyons End LLC, An Arizona Limited Liability Company**

4/12/18

**By: Robert McDowell Its: Member Managed** — Date

# Pioneer Title Agency, Inc.

*"Commitment to Service"*

Date: February 15, 2018
Escrow No.: 72902484 TEV
Seller/Buyer: Schweitzer/Canyons End
Property Address: 28950 Pierce Ferry Road, Meadview, AZ 86444

## SUPPLEMENT TO ESCROW INSTRUCTIONS #2

The undersigned hereby supplement instructions previously given in the above-referenced escrow as follows:

**Contrary to the For Sale By Owner Worksheet-Contract, Buyer and seller herein agree to the following:**
Earnest deposit: $50,000.00
Down Payment $0.00
Personal property Value: $ to be determined
Real Property Value: $ to be determined
Seller carryback loan amount: $225,000.00

Pioneer Title Agency, Inc. is instructed to obtain a statement from Meadview Civic Homeowner's Association indicating requirements of transfer and status of dues. Escrow Agent is further instructed to charge the Seller's account with any delinquent dues and prorate the current dues. The Seller agrees to pay the association transfer fee, if any.

**TITLE**
Pioneer Title Agency, Inc. is employed by the Seller(s) and Buyer(s) as Escrow Agent only and there will be no title examination, nor an inspection of any records pertaining to real property, nor a Policy of Title Insurance issued by Pioneer Title Agency, Inc. or its underwriters, and said companies assume no liability as to the sufficiency and/or validity of the title conveyed herein. Liability hereunder is limited to the charge herein. This is a personal property transaction only and no real property is included.

**Possession**
Pioneer Title Agency, Inc. shall have no responsibility for the following items: possession of property; transfer of utilities; collection of cancellation premiums for Seller's Hazard Insurance; Renewal, procurement, assignability or effectiveness of flood, hazard or other insurance; transfer of personal property, investigation and/or payment of personal property taxes; treatment of wood infestation.

**Proration and Close of Escrow**
Close of escrow shall be April 13, 2018 . Proration date shall be April 13, 2018.
The parties herein accept all prorations as shown on the Settlement Statement on the above referenced escrow. Any adjustments made regarding said prorations shall be handled between the parties direct and outside of escrow.
Buyer and Seller understand and agree that any and all matters relative to the completion and filing of IRS Form 8594, the purchase price allocation, shall be direct and outside of escrow.
All taxes or other obligations incurred by Seller prior to the close of escrow, if any, shall remain the Sellers obligation of the Seller and shall be paid promptly when due. Seller further agrees to indemnify and hold harmless Buyer against said taxes or obligations.
2017 or any prior year unpaid personal property taxes shall be paid by Seller. 2018 personal property taxes shall be prorated and paid by Buyer and Seller, outside of escrow. Escrow Agent shall have no responsibility or liability in connection with personal property taxes.

**Final Walkthrough**
Buyer has conducted a final walkthrough and releases Pioneer Title Agency, Inc. and Real Estate Brokers of any liability and/or responsibility in connection therewith.
Jurisdiction for this transaction is **Mohave County, Arizona**.
The parties herein understand and agree that there has been no search of taxes owed to the City of Kingman and/or the Arizona Department of Revenue and/or the Arizona Department of Economic Security. Any and all fees due shall be handled direct and outside of escrow between seller and buyer. The parties herein relieve Escrow Agent, Pioneer Title Agency, Inc., its employees, officers, directors and shareholders of any and all liability and/or responsibility in connection with same.

The parties herein acknowledge that the Buyer(s) have fully assumed the existing lease or obtained a new lease on the subject property direct and outside of escrow. The parties herein relieve Escrow Agent, Pioneer Title Agency, Inc., and its employees of any and all liability and/or responsibility.

The parties herein authorize and instruct Escrow Agent and Pioneer Title Agency, Inc. to prepare the UCC-I Financing Statement pursuant to Article 9 of the Uniform Commercial Code. The Debtor, Secured Party and Collateral are prepared as shown on Exhibit "A" to these instructions
The parties herein authorize and instruct Escrow Agent to record the List of Creditors and the UCC-1 Financing Statement with the appropriate County Recorder's Office as a courtesy only. Furthermore, the UCC-1, if any, is to be filed with the Arizona Secretary of State. The undersigned understands and acknowledges that Pioneer Title Agency, Inc. (the "Company") is acting in the capacity of messenger only, without consideration, and relieves the Company of any liability or responsibility regarding the validity, sufficiency and effect of said documents or the condition of title to the property described therein.
The Buyer(s) herein have obtained all business permits, licenses and trade names direct and outside of escrow. Any Certificate of Occupancy's that are required for the transfer of this business is handled and obtained direct and outside of escrow and the parties herein authorize and instruct Escrow Agent and Pioneer Title Agency, Inc. to close escrow without same. The parties herein relieve Escrow Agent and Pioneer Title Agency, Inc. of any and all liability and/or responsibility in connection with same.
**Satisfaction of Terms and Conditions**
All contingencies, if any, contained in the Purchase Agreement, and any amendments thereto, have been met, satisfied and/or waived. Pioneer Title Agency, Inc., as Escrow Agent and as Agent for the Title Insurer, is hereby instructed to close this transaction. If for any reason invoices for work performed on premises are not deposited into escrow prior to close of escrow, all payments shall become the responsibility of the parties direct and outside of this transaction. Seller(s)) warrants that all bills have been paid and there are no unpaid/outstanding bills that would cause a mechanics and/or materialman's lien to be filed against the property.
The undersigned hereby acknowledge that all terms and conditions contained in any Purchase Contract, Counter Offers and all Addendums thereto used in connection herewith shall remain in full force and effect. The undersigned further acknowledge there are matters contained in said Purchase Contract which are outside of the control and authority of the escrow holder. Therefore, the parties agree to hold Pioneer Title Agency, Inc. and its employees harmless from any matters outside the normal scope of an escrow holder.
Party's signature on Settlement Statements approved costs and items, including courier and express fees in the amount of $30.00 each charged in connection with this escrow. The Escrow Fee shall be paid by Seller. Parties further authorize the adjustment of any items which may be subject to change between the date of signing and the actual disbursement date and agree to immediately deposit with the Escrow Agent any additional funds that may be due.
Disbursed checks which have not been negotiated for a period of six months will become dormant or stale. Please be advised that in this event, Pioneer Title Agency, Inc. will assess a minimum charge of

$25.00 per month beginning six months from the date the initial check was disbursed or the date the funds became available for disbursement. Pioneer Title Agency, Inc. will make every effort to contact the parties prior to assessing a service charge.

**ALL OTHER TERMS AND CONDITIONS SHALL REMAIN THE SAME.**

Each of the undersigned states that he/she:

A. Has read the foregoing Supplement and understands and agrees to each statement in its entirety.
B. Acknowledges that each statement accurately reflects the understanding and agreement of the parties with regard to the matters set forth therein.
C. Has had ample opportunity to have this Supplement reviewed by his/her real estate agent, attorney or accountant, as applicable.
D. Based on the foregoing, relieves and holds harmless Escrow Agent for, from and against any and all liability and/or responsibility with regard to the accuracy, completeness or effect of the matters set forth in this Supplement.

Our signatures below designate our full approval of this Supplement.

| | | | |
|---|---|---|---|
| | | **Canyons End LLC, An Arizona Limited Liability Company** | |
| [signature] | 4-12-18 | [signature] | 4/12/18 |
| **Cary Lynn Schweitzer** | Date | **By: Robert McDowell Its: Member Managed** | Date |

# EXHIBIT 5

# EXHIBIT 5

When recorded mail to:

**Stephanie M. Walker**
**140 W Queen Tut Drive**
**Meadview, AZ 86444**

FEE# 2018061969

OFFICIAL RECORDS
OF MOHAVE COUNTY
KRISTI BLAIR,
COUNTY RECORDER

12/18/2018 12:28 PM Fee: $25.00

PAGE: 1 of 1

# DEED OF TRUST

**THIS DEED OF TRUST** is made on December 18th, 2018 between;

TRUSTOR: **Canyons End, LLC, An Arizona Limited Liability Company**
Whose mailing address is: 28950 N. Pierce Ferry Rd, Meadview, AZ 86444

TRUSTEE: **Laura Herrera**
Whose mailing address is: 30205 Escalante Blvd, Meadview, AZ 86444

BENEFICIARY: **Stephanie M. Walker**
Whose mailing address is 140 W Queen Tut Drive, Meadview, AZ 86444

PROPERTY situated in County of Mohave, State of Arizona as described as follows:

**28950 N Pierce Ferry Rd, Meadview, AZ 86444** **APNS: 343-07-176**

**WITNESSETH:** That irrevocably grants and conveys to Trustee in Trust, with Power of Sale, the above described real property together with leases, rents, profits, or income AND SUBJECT TO existing taxes, assessments, liens, encumbrances, conditions, restrictions, rights of way and easements of record.

**FOR THE PUPOSE OF SECURING:**

A. Payment of the indebtedness in the principal sum of **$50,000.00** evidenced by a Promissory Note or Notes of even date herewith, executed by Trustor in favor of the Beneficiary or order.
B. Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or by his successors or assigns when evidenced by a Promissory Note or Notes reciting that they are secured by a Deed of Trust.
C. Performance of each agreement of Trustor herein contained.

If the Trustor shall sell, convey or alienate said property or shall be divested of his title or interest without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, except as prohibited by law, to declare any indebtedness secured hereby, irrespective of the maturity date specified on any Note evidencing the same, immediately due and payable.

*Signature of Trustor:*

**Robert McDowell for Canyons End, LLC**
**Sole Member**

Dated: **December 18, 2018**

State of **Arizona** }
} ss.
County of **Mohave** }

The forgoing instrument was acknowledged and executed before me this 18 day of December, 2018 by **Robert McDowell for Canyons End, LLC.**

Witness my hand and official seal.

NOTARY PUBLIC

Joseph Cervantes
Notary Public
Mohave County, Arizona
My Comm. Expires 12-03-2021

# EXHIBIT 6

# EXHIBIT 6

# SETTLEMENT AGREEMENT AND MUTAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into as of the last date written below on the signature line by and between Plaintiff Canyons End, LLC and Defendant Cary Schweitzer.

**Recitals**

WHEREAS, Canyons End, LLC brought a breach of contract claim against Cary Schweitzer alleging that it is entitled to recovery of damages;

WHEREAS, Cary Schweitzer denies any wrongdoing;

WHEREAS on or about August 28, 2018, Canyons End LLC through Robert McDowell, filed a lawsuit in the Mohave County Superior Court, *Canyons End LLC v. Cary Schweitzer*, Case No. CV-2018-01058; and

WHEREAS, the Parties agree to dismiss the aforementioned case with prejudice.

THEREFORE, for good and valuable consideration, the receipt of which the parties hereby acknowledge, the parties agree as follows:

1. The parties will employee the assistance of a title company in order to fully effectuate this agreement. Both parties are to cooperate with executing all necessary documents in order to transfer the real property involved in this case to Canyons End LLC. The property to be conveyed is commonly known as 28950 Pierce Ferry Road, Meadview, AZ 86444 and more particularly described as:

   LOT 719, OF MEADVIEW UNIT THREE, ACCORDING TO THE PLAT THEREOF, RECORDED APRIL 24, 1961, AT FEE NO. 102818 IN THE OFFICE OF THE COUNTY RECORDED OF MOHAVE COUNTY, ARIZONA.

EXCEPT THEREFROM, ALL COAL, OIL, GAS AND MINERAL DEPOSITS AS RESERVED IN INSTRUMENT RECORDED IN BOOK 71 OF DEEDS, PAGE 163

2. Canyons End, LLC is to be responsible for all closing costs in connection with the transfer of the property described in paragraph 1. Canyons End, LLC at its option may obtain title insurance or other protections in connection with the transfer of the property described in paragraph 1. Canyons End, LLC to be solely responsible for any cost connected with title insurance or other protections.
3. Canyons End, LLC may obtain financing in connection with this agreement from a third party at its sole discretion.
4. Upon close of escrow Canyons End, LLC agrees to pay Cary Schweitzer $50,000.00 in consideration for Cary Schweitzer relinquishing all rights and claims to the real property described in section one (1) of this agreement. Payment shall be made in the form of Cashier's Check, Money Order, or a check from the title company.
5. In addition to the payment described in paragraph 2, Canyons End LLC agrees to assume any IRS tax lien and any tax lien from the State of Arizona that is currently connected with the property described in section one (1) of this agreement. The parties agree that the amount of liens on the property is not to exceed $225,000.00 under this agreement. Should the amount of liens exceed $225,000.00, the parties shall cooperate in an attempt to try and negotiate the liens in order to keep the amount below $225,000.00. Should the parties be unable to negotiate the liens in order that that the amount remains below $225,000.00 then the parties agree that Cary Schweitzer shall indemnify and hold harmless Canyons End LLC for any amount in excess of $225,000.00 .
6. Regardless of the total amount of IRS and State of Arizona liens, the parties agree to cooperate in an effort to reach a settlement or reduction with the IRS and State of Arizona regarding the liens. This includes executing any documents that may be necessary for both parties to have contact with IRS and the State of Arizona in connection with the liens. This also includes the execution of any documents necessary in order to settle the liens.
7. Upon execution and fulfillment of provisions of this agreement, Canyons End LLC and Cary Schweitzer shall dismiss with prejudice CV-2018-01058, *Canyons End, LLC v. Cary Schweitzer*.

8. Each party shall pay and discharge their respective attorney's fees and costs.

9. Other than the obligations arising under this agreement, Canyons End, LLC and Robert McDowell hereby releases Cary Schweitzer of all claims against Cary Schweitzer. Likewise, other than obligations arising under this agreement, Cary Schweitzer hereby releases Canyons End, LLC and Robert McDowell off all claims against Canyons End, LLC and Robert McDowell.

10. This Agreement represents the entire understanding and agreement among the parties relating to the subject matter and supersedes and cancels any and all prior negotiations, agreements and/or understandings relative thereto. There are no additional agreements, covenants, or understandings whether written, oral, or otherwise between the parties, and the entire agreement is contained within this document, inclusive of all exhibits.

11. This Agreement may be executed in as many counterparts as are necessary for convenience, and by the different parties on separate counterparts, each of which, when so executed, shall be deemed an original; but all such counterparts shall constitute but one and the same Agreement

12. In the event of any dispute concerning this Agreement, or if legal proceedings are instituted to interpret, enforce, or obtain any remedy for breach of any of its terms, the prevailing party shall be entitled to recover his or her reasonable attorneys' fees and costs.

13. This Agreement can be modified or rescinded only by a writing signed by all of the parties hereto.

14. It is understood and agreed by the parties that this settlement is a compromise of disputed claims, and the settlement is not to be construed as an admission of liability.

15. The terms and provisions of this Agreement shall be construed in accordance with their usual and customary meanings.

16. This Agreement shall be construed and enforced in accordance with the laws of the State of Arizona.

17. Severability. In the event any portion of this Agreement is declared by any court of competent jurisdiction to be invalid, illegal, or unenforceable, such portion shall be deemed severed from this Agreement, and the remaining parts of the Agreement, including without limitation the remaining parts of the paragraph of which the invalid, illegal or unenforceable portion was a part, shall remain in full force and effect as fully as though such invalid, illegal, or unenforceable portion had never been part of this Agreement. The parties further agree to

replace any such invalid illegal or unenforceable portion with a valid and enforceable provision which will achieve, to the extent possible, the economic, business and other purposes of the invalid, illegal or unenforceable portion.

18. Waiver. Neither the failure of any party to insist upon the timely or full performance of any of the terms and conditions of this Agreement, nor the waiver of any breach of any of the terms and conditions of this Agreement, shall be construed as thereafter waiving any such terms and conditions, but these shall continue and remain in full force and effect as if no such forbearance or waiver had occurred.

19. Further Assurances and Documents. Each party shall promptly do any act or execute and deliver any document reasonably necessary to comply with their respective obligations under this Agreement in order to carry out the intent of the parties in consummating this transaction.

20. Opportunity to seek counsel. The parties agree that they have had the opportunity to confer with counsel prior to signing this agreement. Each party has either sought the advice of independent counsel at the time of signing agreement or has voluntarily chosen to proceed without the advice of independent counsel.

21. Time of Essence. Time is of the essence in each and every term and provision of this Agreement. All references to days herein shall be deemed to refer to calendar days unless otherwise specified.

| | |
|---|---|
| Canyons End, LLC<br>Robert McDowell—Managing Member | 12/20/18<br>(date) |
| Cary Schweitzer | 12/20/18<br>(date) |

AGREED AS TO FORM:

| | |
|---|---|
| Attorney for Plaintiff | 12-20-18<br>(date) |

# EXHIBIT 7

# EXHIBIT 7

1800052210012
1800052210012
ARIZONA DEPARTMENT OF REVENUE
ATTN: Education and Compliance/Lien Department
PO BOX 29070
Phoenix, AZ 85038-9070

**FEE# 2018015889**
**OFFICIAL RECORDS OF MOHAVE COUNTY**
**KRISTI BLAIR, COUNTY RECORDER**
**04/02/2018 08:24 AM Fee $7.00**
**PAGE: 1 of 3**

# STATE OF ARIZONA
Department of Revenue

## NOTICE OF STATE TAX LIEN

Pursuant to A.R.S. §42-1152, notice is hereby given that the following named taxpayer owes the Arizona Department of Revenue such unpaid amounts as are herein set forth and that pursuant to A.R.S. §42-1151 the Department has a lien against all the property or rights to property belonging to the taxpayer for such unpaid amount, plus accruing interest.

**Address:**
28950 N PIERCE FERRY RD
MEADVIEW, AZ 86444

**Name(s):**
SCHWEITZER CARY
CANYONS END MOTEL AND RESTAURANT

**Lien ID:** 10191901
**Place of Filing:** MOHAVE COUNTY RECORDER

**ID Number(s):**
SSN xxx-xx-7690
LIC 20838959

| Tax Type | Tax Period End | Liability Number | Tax Balance | Penalty | Interest Thru 03/21/2018 | Unpaid Balance of Assessment |
|---|---|---|---|---|---|---|
| TPT | 05/31/2015 | 201506365053 | $281.60 | $367.35 | $32.10 | $681.05 |
| TPT | 06/30/2015 | 201506365054 | $208.09 | $318.32 | $21.47 | $547.88 |
| TPT | 07/31/2015 | 201506365681 | $1,438.80 | $359.70 | $144.42 | $1,942.92 |
| TPT | 08/31/2015 | 201506364783 | $1,068.33 | $267.08 | $104.17 | $1,439.58 |
| TPT | 09/30/2015 | 201506365518 | $716.49 | $179.12 | $68.01 | $963.62 |
| TPT | 10/31/2015 | 201506365519 | $844.73 | $211.18 | $77.84 | $1,133.75 |
| TPT | 11/30/2015 | 201506364911 | $674.99 | $168.75 | $60.32 | $904.06 |
| TPT | 12/31/2015 | 201506365140 | $968.10 | $242.03 | $83.98 | $1,294.11 |
| TPT | 01/31/2016 | 201606365682 | $607.02 | $151.76 | $50.94 | $809.72 |
| TPT | 02/29/2016 | 201606365162 | $734.78 | $183.70 | $59.89 | $978.37 |

Detailed liabilities continue on additional pages. **Total:** $53,149.69

DATED AT PHOENIX, ARIZONA THIS 21ST DAY OF MARCH, 2018

Signature: [signature] Title: Administrator

1800052210012
1800052210012
ARIZONA DEPARTMENT OF REVENUE
ATTN: Education and Compliance/Lien Department
PO BOX 29070
Phoenix, AZ 85038-9070



# STATE OF ARIZONA
Department of Revenue

| Tax Type | Tax Period End | Liability Number | Tax Balance | Penalty | Interest Thru 03/21/2018 | Unpaid Balance of Assessment |
|---|---|---|---|---|---|---|
| TPT | 03/31/2016 | 201606365553 | $1,120.16 | $280.04 | $87.77 | $1,487.97 |
| TPT | 04/30/2016 | 201606364810 | $846.61 | $211.65 | $63.43 | $1,121.69 |
| TPT | 05/31/2016 | 201606364931 | $833.93 | $208.48 | $59.51 | $1,101.92 |
| TPT | 06/30/2016 | 201606364901 | $1,041.25 | $260.31 | $70.72 | $1,372.28 |
| TPT | 07/31/2016 | 201606365645 | $1,100.26 | $275.07 | $70.57 | $1,445.90 |
| TPT | 08/31/2016 | 201606364766 | $1,131.26 | $282.82 | $68.80 | $1,482.88 |
| TPT | 09/30/2016 | 201606365646 | $1,117.94 | $279.49 | $64.14 | $1,461.57 |
| TPT | 10/31/2016 | 201606364767 | $1,037.58 | $259.40 | $55.72 | $1,352.70 |
| TPT | 11/30/2016 | 201606364900 | $994.33 | $248.58 | $50.10 | $1,293.01 |
| TPT | 12/31/2016 | 201606365260 | $843.25 | $210.81 | $39.55 | $1,093.61 |
| TPT | 01/31/2017 | 201706363875 | $905.77 | $226.44 | $39.28 | $1,171.49 |
| TPT | 02/28/2017 | 201706363876 | $1,022.42 | $255.61 | $41.29 | $1,319.32 |
| TPT | 03/31/2017 | 201706364403 | $1,351.37 | $337.84 | $49.94 | $1,739.15 |
| TPT | 04/30/2017 | 201706364085 | $1,412.84 | $353.21 | $47.22 | $1,813.27 |
| TPT | 05/31/2017 | 201706364492 | $1,418.92 | $354.73 | $42.87 | $1,816.52 |
| TPT | 06/30/2017 | 201706363859 | $1,151.10 | $259.00 | $30.96 | $1,441.06 |
| TPT | 07/31/2017 | 201706364491 | $1,327.55 | $225.68 | $31.01 | $1,584.24 |

1800052210012
1800052210012
ARIZONA DEPARTMENT OF REVENUE
ATTN: Education and Compliance/Lien Department
PO BOX 29070
Phoenix, AZ 85038-9070



# STATE OF ARIZONA

Department of Revenue

| Tax Type | Tax Period End | Liability Number | Tax Balance | Penalty | Interest Thru 03/21/2018 | Unpaid Balance of Assessment |
|---|---|---|---|---|---|---|
| TPT | 08/31/2017 | 201706365419 | $920.81 | $115.10 | $18.45 | $1,054.36 |
| TPT | 09/30/2017 | 201706365055 | $986.28 | $73.97 | $16.50 | $1,076.75 |
| TPT | 10/31/2017 | 201706374768 | $1,246.40 | $87.25 | $16.58 | $1,350.23 |
| TPT | 11/30/2017 | 201706435862 | $756.80 | $83.25 | $7.55 | $847.60 |
| TPT | 12/31/2017 | 201706438726 | $828.96 | $45.59 | $5.27 | $879.82 |
| WTH | 06/30/2014 | 201406395895 | $871.15 | $243.37 | $121.51 | $1,236.03 |
| WTH | 09/30/2014 | 201406396108 | $1,048.43 | $262.11 | $132.89 | $1,443.43 |
| WTH | 03/31/2015 | 201506381949 | $910.92 | $227.73 | $100.56 | $1,239.21 |
| WTH | 03/31/2016 | 201606382039 | $867.84 | $216.96 | $66.80 | $1,151.60 |
| WTH | 06/30/2016 | 201606382152 | $904.75 | $226.19 | $60.21 | $1,191.15 |
| WTH | 09/30/2016 | 201606382457 | $934.98 | $233.75 | $52.46 | $1,221.19 |
| WTH | 12/31/2016 | 201606382151 | $840.17 | $210.04 | $38.39 | $1,088.60 |
| WTH | 03/31/2017 | 201706382458 | $1,112.41 | $278.10 | $39.76 | $1,430.27 |
| WTH | 06/30/2017 | 201706381886 | $1,219.47 | $304.87 | $31.32 | $1,555.66 |
| WTH | 09/30/2017 | 201706381737 | $1,406.59 | $161.75 | $21.81 | $1,590.15 |

\E

3476

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #6<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br>277925717 | For Optional Use by Recording Office |
|---|---|---|

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

FEE# 2017055729

OFFICIAL RECORDS
OF MOHAVE COUNTY
KRISTI BLAIR,
COUNTY RECORDER

11/16/2017 03:42 PM Fee: $8.00

PAGE: 1 of 1

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT
a Partnership

Residence 26541 N VERDE RD
MEADVIEW, AZ 86444-1788

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 12/31/2013 | XX-XXX6754 | 06/06/2016 | 07/06/2026 | 11537.50 |
| 941 | 06/30/2014 | XX-XXX6754 | 06/06/2016 | 07/06/2026 | 11189.95 |
| 941 | 03/31/2015 | XX-XXX6754 | 09/26/2016 | 10/26/2026 | 9500.51 |

Place of Filing
COUNTY RECORDER
MOHAVE COUNTY
KINGMAN, AZ 86402

Total $ 32227.96

This notice was prepared and signed at SEATTLE, WA, on this,

WHEN RECORDED MAIL TO:
INTERNAL REVENUE SERVICE
PO BOX 145595 STOP 8420G
CINCINNATI OH 45250-9732

the 06th day of September, 2017.

Signature Joan Flack
for FRANK A SIINO

Title
REVENUE OFFICER 26-10-2633

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

Form 668 (Y)(c)
(Rev. February 2004)

16600

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
293285418

For Optional Use by Recording Office

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

FEE# 2018003943

OFFICIAL RECORDS
OF MOHAVE COUNTY
KRISTI BLAIR,
COUNTY RECORDER

01/26/2018 02:32 PM Fee: $8.00

PAGE: 1 of 1

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT
a Partnership

Residence 26541 N VERDE RD
MEADVIEW, AZ 86444-1788

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 12/31/2014 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 6493.47 |
| 941 | 03/31/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 6263.22 |

Place of Filing
COUNTY RECORDER
MOHAVE COUNTY
KINGMAN, AZ 86402

Total $ 12756.69

This notice was prepared and signed at SEATTLE, WA , on this,

the 12th day of January, 2018.

WHEN RECORDED MAIL TO:
INTERNAL REVENUE SERVICE
PO BOX 145595 STOP 8420G
CINCINNATI OH 45250-9732

Signature Joan Flack
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

16600

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue

# Notice of Federal Tax Lien

**2018-000-6494-9**

**ARIZONA SECRETARY OF STATE 02/06/18 15:51 FILED**

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
293285318

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT
a Partnership

Residence 26541 N VERDE RD
MEADVIEW, AZ 86444-1788

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

AZ Certified Copy Secretary of State

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 12/31/2014 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 6493.47 |
| 941 | 03/31/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 6263.22 |

Place of Filing
SECRETARY OF STATE
SECRETARY OF STATE
PHOENIX, AZ 85007

Total $ 12756.69

This notice was prepared and signed at SEATTLE, WA, on this,

the 12th day of January, 2018.

Signature Joan Flach
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

16600

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number 294066018

For Optional Use by Recording Office

FEE# 2018005429
OFFICIAL RECORDS OF MOHAVE COUNTY
KRISTI BLAIR, COUNTY RECORDER
02/02/2018 03:42 PM Fee: $8.00
PAGE: 1 of 1

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT
a Partnership

Residence 26541 N VERDE RD
MEADVIEW, AZ 86444-1788

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 940 | 12/31/2014 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 446.66 |
| 940 | 12/31/2016 | XX-XXX6754 | 12/11/2017 | 01/10/2028 | 630.51 |

Place of Filing
COUNTY RECORDER
MOHAVE COUNTY
KINGMAN, AZ 86402

Total $ 1077.17

This notice was prepared and signed at SEATTLE, WA, on this, the 22nd day of January, 2018.

WHEN RECORDED MAIL TO:
INTERNAL REVENUE SERVICE
PO BOX 145595 STOP 8420G
CINCINNATI OH 45250-9732

Signature Joan Flach
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 0 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

1E

16999

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
297488118

For Optional Use by Recording Office

FEE# 2018011627

OFFICIAL RECORDS
OF MOHAVE COUNTY
KRISTI BLAIR,
COUNTY RECORDER

03/09/2018 09:13 AM Fee: $8.00

PAGE: 1 of 1

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT

Residence 28950 N PIERCE FERRY RD
MEADVIEW, AZ 86444-1790

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 09/30/2014 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 8404.59 |
| 941 | 09/30/2015 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 8367.42 |
| 941 | 12/31/2015 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 6662.70 |
| 941 | 06/30/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 7596.75 |
| 941 | 09/30/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 7799.30 |
| 941 | 12/31/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 8030.33 |
| 941 | 03/31/2017 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 12122.02 |
| 941 | 06/30/2017 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 11869.93 |

Place of Filing
COUNTY RECORDER
MOHAVE COUNTY
KINGMAN, AZ 86402

Total $ 70853.04

This notice was prepared and signed at SEATTLE, WA, on this,

the 16th day of February, 2018.

WHEN RECORDED MAIL TO:
INTERNAL REVENUE SERVICE
PO BOX 145595 STOP 8420G
CINCINNATI OH 45250-9732

Signature Joan Flach
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

16999

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue
**Notice of Federal Tax Lien**

**2018-000-9488-9**

**ARIZONA SECRETARY OF STATE 03/01/18 15:27 FILED**

Area: SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number 297488018

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT

Residence 28950 N PIERCE FERRY RD
MEADVIEW, AZ 86444-1790

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 09/30/2014 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 8404.59 |
| 941 | 09/30/2015 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 8367.42 |
| 941 | 12/31/2015 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 6662.70 |
| 941 | 06/30/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 7596.75 |
| 941 | 09/30/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 7799.30 |
| 941 | 12/31/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 8030.33 |
| 941 | 03/31/2017 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 12122.02 |
| 941 | 06/30/2017 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 11869.93 |

Place of Filing
SECRETARY OF STATE
SECRETARY OF STATE
PHOENIX, AZ 85007

Total $ 70853.04

This notice was prepared and signed at SEATTLE, WA, on this,

the 16th day of February, 2018.

Signature Joan Flack
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

Arizona Secretary of State Copy

1E

16999

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
302812618

For Optional Use by Recording Office

FEE# 2018018149
OFFICIAL RECORDS
OF MOHAVE COUNTY
KRISTI BLAIR,
COUNTY RECORDER
04/12/2018 12:56 PM Fee: $8.00
PAGE: 1 of 1

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT

Residence
28950 N PIERCE FERRY RD
MEADVIEW, AZ 86444-1790

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 940 | 12/31/2015 | XX-XXX6754 | 02/12/2018 | 03/13/2028 | 116.39 |
| 940 | 12/31/2017 | XX-XXX6754 | 02/26/2018 | 03/27/2028 | 535.19 |

Place of Filing
COUNTY RECORDER
MOHAVE COUNTY
KINGMAN, AZ 86402

Total $ 651.58

This notice was prepared and signed at SEATTLE, WA, on this,

the 30th day of March, 2018.

WHEN RECORDED MAIL TO:
INTERNAL REVENUE SERVICE
PO BOX 145595 STOP 8420G
CINCINNATI OH 45250-9732

Signature Joan Flack
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

1E

Form 668 (Y)(c)
(Rev. February 2004)

16999

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
304579118

For Optional Use by Recording Office

FEE# 2018020191
OFFICIAL RECORDS
OF MOHAVE COUNTY
KRISTI BLAIR,
COUNTY RECORDER
04/23/2018 03:43 PM Fee: $8.00
PAGE: 1 of 1

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT

Residence 28950 N PIERCE FERRY RD
MEADVIEW, AZ 86444-1790

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 09/30/2017 | XX-XXX6754 | 02/05/2018 | 03/06/2028 | 13104.27 |

Place of Filing
COUNTY RECORDER
MOHAVE COUNTY
KINGMAN, AZ 86402

Total $ 13104.27

This notice was prepared and signed at SEATTLE, WA, on this,

the 13th day of April, 2018.

WHEN RECORDED MAIL TO:
INTERNAL REVENUE SERVICE
PO BOX 145595 STOP 8420G
CINCINNATI OH 45250-9732

Signature Joan Flach
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

IE

16999

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
308616818

For Optional Use by Recording Office

FEE# 2018027920
OFFICIAL RECORDS
OF MOHAVE COUNTY
KRISTI BLAIR,
COUNTY RECORDER
05/04/2018 02:09 PM Fee: $8.00
PAGE: 1 of 1

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT

Residence 28950 N PIERCE FERRY RD
MEADVIEW, AZ 86444-1790

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 12/31/2017 | XX-XXX6754 | 03/05/2018 | 04/04/2028 | 9002.80 |

Place of Filing
COUNTY RECORDER
MOHAVE COUNTY
KINGMAN, AZ 86402

Total $ 9002.80

This notice was prepared and signed at SEATTLE, WA, on this,

the 16th day of May, 2018.

WHEN RECORDED MAIL TO:
INTERNAL REVENUE SERVICE
PO BOX 145595 STOP 8420G
CINCINNATI OH 45250-9732

Signature Joan Flach
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

# EXHIBIT 8

# EXHIBIT 8

**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
CIVIL LITIGATION DIVISION
BANKRUPTCY AND COLLECTION ENFORCEMENT

**MARK BRNOVICH**
ATTORNEY GENERAL

WRITER'S DIRECT LINE:
(602) 542-8375

May 23, 2019

Cary L. Schweitzer
26541 N. Verde Rd.
Meadview, AZ 86444-1788

Re: Arizona Department of Revenue
Amount Due: $57,455.39 (plus accruing interest, if applicable)
Attorney General File Number: BCE19-01543

Dear Ms. Schweitzer:

The above referenced delinquent account has been referred to this office to pursue for collection. In order to prevent further action being taken against you, please remit payment in full or contact **Jill Wieden** at the above number within ten days. Please reference the Attorney General File Number on all payments and correspondence. Your check should be made payable to the Arizona Attorney General and mailed to:

Office of the Arizona Attorney General
Bankruptcy and Collection Enforcement
2005 North Central Avenue
Phoenix, AZ 85004-1592

If we do not receive payment in full or hear from you within ten days of the date of this letter, appropriate legal action will be taken against you.

Sincerely,

Penny Taylor Moore
Assistant Attorney General

7919108/jj


2005 N CENTRAL AVE, PHOENIX, AZ 85004 • PHONE: 602-542-1719 • FAX: 602-542-4273 • WWW.AZAG.GOV

# EXHIBIT 9

# EXHIBIT 9

MSHWB MURPHY, SCHMITT, HATHAWAY, WILSON & BECKE P.L.L.C
ATTORNEYS AT LAW

ROBERT E. SCHMITT* **
MILTON W. HATHAWAY, JR.
DAN A. WILSON
ANDREW J. BECKE
KRISTYNE M. SCHAAF-OLSON***

* Certified Specialist, State Bar of Arizona, Personal Injury and Wrongful Death
** Also Admitted in California
*** Also Admitted in Nevada & Navajo Nation

OF COUNSEL:
MICHAEL R. MURPHY*

325 W. GURLEY STREET, SUITE 102
PRESCOTT, ARIZONA 86301
Telephone (928) 445-6860
Fax (928) 445-6488
WWW.MSHWLAW.COM
Email: info@mshwlaw.com

OTHER OFFICE LOCATIONS:

101 E. Second Street
Yuma, Arizona 85364
(928) 782-5354

2601 Stockton Hill Road, Suite H-8
Kingman, Arizona 86402
(928) 718-0888

PLEASE REPLY TO:
POST OFFICE BOX 591
PRESCOTT, ARIZONA 86302-0591

July 16, 2019

***via Certified Mail***
***Return Receipt Requested***

Keith Knochel
Law Offices of Keith S. Knochel
1967 Highway 95
Bullhead City, AZ 86442

Robert McDowell
Canyons End, LLC
28950 Pierce Ferry Road
Meadview, AZ 86444

Re: SCHWEITZER adv. Canyons End, LLC
Mohave County Superior Court Case No. CV2018-01058
Settlement Agreement

Dear Mr. Knochel and Mr. McDowell:

Please be advised that this firm has been retained by Mr. Cary Schweitzer in regard to the above-referenced matter. More specifically, in reference to the Settlement Agreement and Mutual Release signed on December 20, 2018.

Mr. Schweitzer has recently received a letter from the Office of the Arizona Attorney General regarding the outstanding tax debt due and owing in regard to the property that was the subject of the above-referenced litigation. A copy of that May 23, 2019 letter from the Office of the Attorney General is enclosed herewith for your reference.

As you are aware, pursuant to the terms of the Settlement Agreement and Mutual Release, Canyons End, LLC agreed to assume the IRS tax lien and State of Arizona tax lien connected with the subject property. As such, the debt referenced in the enclosed May 23, 2019 letter is Mr. McDowell's responsibility. Thus, I am writing to request that you contact Assistant Attorney General Penny Moore, as well as Angel Collins, the Revenue Officer for the Department of the Treasury Internal Revenue Service, in order to inform them of your responsibility and liability to pay these tax debts. I have also enclosed copies of the Notices of Federal Tax Liens which bear the contact information for Angel Collins.

Please provide our office with a copy of correspondence to both these departments advising them of your liability and responsibility to pay these debts. If we do not receive a copy of such correspondence by July 29, 2019, we intend to move forward with a more formal resolution of this issue, and will be requesting reimbursement of any attorney's fees incurred in rectifying this matter.

Thank you for your anticipated cooperation in this matter.

Sincerely,

MURPHY, SCHMITT,
HATHAWAY, WILSON & BECKE, P.L.L.C.

Kristyne M. Schaaf Olson

Kristyne M. Schaaf-Olson

KSO:kak
Enclosures

cc: Cary Schweitzer (via email only)

**OFFICE OF THE ARIZONA ATTORNEY GENERAL**
CIVIL LITIGATION DIVISION
BANKRUPTCY AND COLLECTION ENFORCEMENT

**MARK BRNOVICH**
ATTORNEY GENERAL

**WRITER'S DIRECT LINE:**
**(602) 542-8375**

May 23, 2019

Cary L. Schweitzer
26541 N. Verde Rd.
Meadview, AZ 86444-1788

Re: Arizona Department of Revenue
Amount Due: $57,455.39 (plus accruing interest, if applicable)
Attorney General File Number: BCE19-01543

Dear Ms. Schweitzer:

The above referenced delinquent account has been referred to this office to pursue for collection. In order to prevent further action being taken against you, please remit payment in full or contact **Jill Wieden** at the above number within ten days. Please reference the Attorney General File Number on all payments and correspondence. Your check should be made payable to the Arizona Attorney General and mailed to:

Office of the Arizona Attorney General
Bankruptcy and Collection Enforcement
2005 North Central Avenue
Phoenix, AZ 85004-1592

If we do not receive payment in full or hear from you within ten days of the date of this letter, appropriate legal action will be taken against you.

Sincerely,

Penny Taylor Moore

Penny Taylor Moore
Assistant Attorney General

7919108/jj



2005 N CENTRAL AVE, PHOENIX, AZ 85004 • PHONE: 602-542-[illegible] • FAX 602-542-4273 • WWW.AZAG.GOV

16600

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue

# Notice of Federal Tax Lien

2018-000-6494-9

ARIZONA
SECRETARY OF STATE
02/06/18 15:51
FILED

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number
293285318

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT
a Partnership

Residence 26541 N VERDE RD
MEADVIEW, AZ 86444-1788

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 12/31/2014 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 6493.47 |
| 941 | 03/31/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 6263.22 |

Arizona Certified Copy Secretary of State

Place of Filing
SECRETARY OF STATE
SECRETARY OF STATE
PHOENIX, AZ 85007

Total $ 12756.69

This notice was prepared and signed at SEATTLE, WA, on this,

the 12th day of January, 2018.

Signature Joan Flach
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

16999

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue

# Notice of Federal Tax Lien

2018-000-9488-9

**ARIZONA SECRETARY OF STATE 03/01/18 15:27 FILED**

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #7
Lien Unit Phone: (800) 913-6050

Serial Number 297488018

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer CANYONS END MOTEL AND RESTAURANT

Residence 28950 N PIERCE FERRY RD
MEADVIEW, AZ 86444-1790

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 09/30/2014 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 8404.59 |
| 941 | 09/30/2015 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 8367.42 |
| 941 | 12/31/2015 | XX-XXX6754 | 12/04/2017 | 01/03/2028 | 6662.70 |
| 941 | 06/30/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 7596.75 |
| 941 | 09/30/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 7799.30 |
| 941 | 12/31/2016 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 8030.33 |
| 941 | 03/31/2017 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 12122.02 |
| 941 | 06/30/2017 | XX-XXX6754 | 11/27/2017 | 12/27/2027 | 11869.93 |

Place of Filing
SECRETARY OF STATE
SECRETARY OF STATE
PHOENIX, AZ 85007

Total $ 70853.04

This notice was prepared and signed at SEATTLE, WA, on this,

the 16th day of February, 2018.

Signature Joan Flach
for ANGEL COLLINS

Title
REVENUE OFFICER 27-15-2626
(702) 868-5033

NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

Arizona Secretary of State Copy

# EXHIBIT 10

# EXHIBIT 10

MSHWB MURPHY, SCHMITT, HATHAWAY, WILSON & BECKE P.L.L.C

ATTORNEYS AT LAW

ROBERT E. SCHMITT* **
MILTON W. HATHAWAY, JR.
DAN A. WILSON
ANDREW J. BECKE
KRISTYNE M. SCHAAF-OLSON***

* Certified Specialist, State Bar of Arizona, Personal Injury and Wrongful Death
** Also Admitted in California
*** Also Admitted in Nevada & Navajo Nation

OF COUNSEL:
MICHAEL R. MURPHY*

325 W. GURLEY STREET, SUITE 102
PRESCOTT, ARIZONA 86301
Telephone (928) 445-6860
Fax (928) 445-6488
WWW.MSHWLAW.COM
Email: info@mshwlaw.com

OTHER OFFICE LOCATIONS:

101 E. Second Street
Yuma, Arizona 85364
(928) 782-5354

2601 Stockton Hill Road, Suite H-8
Kingman, Arizona 86402
(928) 718-0888

*PLEASE REPLY TO:*
POST OFFICE BOX 591
PRESCOTT, ARIZONA 86302-0591

September 6, 2019

***via Certified Mail***
***Return Receipt Requested***

Robert McDowell
Canyons End, LLC
28950 Pierce Ferry Road
Meadview, AZ 86444

Re: SCHWEITZER adv. Canyons End, LLC
Mohave County Superior Court Case No. CV2018-01058
Settlement Agreement

Dear Mr. McDowell:

As previously advised this firm represents Mr. Cary Schweitzer in regard to the above-referenced matter. More specifically, in reference to the Settlement Agreement and Mutual Release signed on December 20, 2018.

Please accept this correspondence as follow-up to our conversation on August 6, 2019. At that time you had indicated that you were going to discuss this matter with your former counsel, Mr. Knochel, and respond to my office by August 16, 2019.

I have since corresponded with the Knochel Law Offices, who have informed me that they no longer represent you in regard to this matter. Therefore, all communication in this matter should be directed to you.

Given that I have not received a response to my previous correspondence, I am again requesting that you contact Assistant Attorney General Penny Moore at the Office of the Arizona Attorney General, as well as Angel Collins, the Revenue Officer for the Department of the Treasury Internal Revenue Service regarding the outstanding tax debt due and owing in regard to the property that was the subject of the above-referenced litigation.

As you are aware, pursuant to the terms of the Settlement Agreement and Mutual Release, Canyons End, LLC agreed to assume the IRS tax lien and State of Arizona tax lien connected with the subject property. As such, those debts referenced are your responsibility. Thus, I am

writing to request that you immediately contact the IRS and Arizona Attorney General, in order to inform them of your responsibility and liability to pay these tax debts.

Please provide our office with a copy of correspondence to both these departments advising them of your liability and responsibility to pay these debts. If we do not receive a copy of such correspondence by September 20, 2019, we intend to move forward with a more formal resolution of this issue and will be requesting reimbursement of any attorney's fees incurred in rectifying this matter.

Thank you for your anticipated cooperation in this matter.

Sincerely,

MURPHY, SCHMITT,
HATHAWAY, WILSON & BECKE, P.L.L.C.

Kristyne M. Schaaf-Olson

Kristyne M. Schaaf-Olson

cc: Cary Schweitzer (via email only)

# EXHIBIT 11

# EXHIBIT 11

2

WHEN RECORDED RETURN TO:

STEPHANIE M. WALKER
140 W QUEEN TUT DR
MEADVIEW. AZ 86444

FEE# 2019053145

OFFICIAL RECORDS
OF MOHAVE COUNTY
KRISTI BLAIR,
COUNTY RECORDER

09/27/2019 09:36 AM Fee: $30.00

PAGE: 1 of 2

# DEED OF TRUST

KS

When recorded mail to:

**Stephanie M. Walker**
**140 W Queen Tut Drive**
**Meadview, AZ 86444**

# DEED OF TRUST

**THIS DEED OF TRUST** is made on September 27th, 2019 between;

TRUSTOR: **Canyons End, LLC, An Arizona Limited Liability Company**
Whose mailing address is: 28950 N. Pierce Ferry Rd, Meadview, AZ 86444

TRUSTEE: **Laura Herrera**
Whose mailing address is: 30205 Escalante Blvd, Meadview, AZ 86444

BENEFICIARY: **Stephanie M. Walker**
Whose mailing address is 140 W Queen Tut Drive, Meadview, AZ 86444

PROPERTY situated in County of Mohave, State of Arizona as described as follows:

**28950 N Pierce Ferry Rd, Meadview, AZ 86444** **APNS: 343-07-176**

**WITNESSETH:** That irrevocably grants and conveys to Trustee in Trust, with Power of Sale, the above described real property together with leases, rents, profits, or income AND SUBJECT TO existing taxes, assessments, liens, encumbrances, conditions, restrictions, rights of way and easements of record.

**FOR THE PUPOSE OF SECURING:**

A. Payment of the indebtedness in the principal sum of **$60,000.00** evidenced by a Promissory Note or Notes of even date herewith, executed by Trustor in favor of the Beneficiary or order.
B. Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or by his successors or assigns when evidenced by a Promissory Note or Notes reciting that they are secured by a Deed of Trust.
C. Performance of each agreement of Trustor herein contained.

If the Trustor shall sell, convey or alienate said property or shall be divested of his title or interest without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, except as prohibited by law, to declare any indebtedness secured hereby, irrespective of the maturity date specified on any Note evidencing the same, immediately due and payable.

*Signature of Trustor:*

**Robert McDowell for Canyons End, LLC**
**Sole Member**

Dated: **September 27, 2019**

Thomas R Carrington
Notary Public
Mohave County, Arizona
My Comm. Expires 3-08-2020

State of **Arizona** }
} ss.
County of **Mohave** }

The forgoing instrument was acknowledged and executed before me this 27 day of September, 2019 by **Robert McDowell for Canyons End, LLC.**

Witness my hand and official seal.

NOTARY PUBLIC

# EXHIBIT 12

EXHIBIT 12

MSHWB MURPHY, SCHMITT, HATHAWAY, WILSON & BECKE P.L.L.C

ATTORNEYS AT LAW

ROBERT E. SCHMITT* **
MILTON W. HATHAWAY, JR.
DAN A. WILSON
ANDREW J. BECKE
KRISTYNE M. SCHAAF-OLSON***

* Certified Specialist, State Bar of Arizona, Personal Injury and Wrongful Death
** Also Admitted in California
*** Also Admitted in Nevada & Navajo Nation

OF COUNSEL:
MICHAEL R. MURPHY*

325 W. GURLEY STREET, SUITE 102
PRESCOTT, ARIZONA 86301
Telephone (928) 445-6860
Fax (928) 445-6488
WWW.MSHWLAW.COM
Email: info@mshwlaw.com

OTHER OFFICE LOCATIONS:

101 E. Second Street
Yuma, Arizona 85364
(928) 782-5354

2601 Stockton Hill Road, Suite H-8
Kingman, Arizona 86402
(928) 718-0888

PLEASE REPLY TO:
POST OFFICE BOX 591
PRESCOTT, ARIZONA 86302-0591

October 23, 2019
***(via regular and certified mail)***

Robert McDowell
Canyons End, LLC
28950 Pierce Ferry Road
Meadview, AZ 86444

Re: Schweitzer v. Canyons End, LLC
Property: 28950 Pierce Ferry Road, Meadview, AZ 86444

Dear Mr. McDowell,

As you know, I represent Mr. Cary L. Schweitzer in regarding to the above-referenced property. Specifically, as a result of the Settlement Agreement and Mutual Release you executed on behalf of Canyons End, LLC on December 20, 2018, you were required to make certain payments and assume certain liabilities as a condition and as consideration for the Settlement Agreement and Mutual Release. Upon information and belief, you have failed to meet those conditions and therefore are in breach of the agreement terms. As such, you do not have a legal right to the above-referenced property.

Enclosed please find a Quit Claim Deed and a five dollar check ($5) pursuant to A.R.S. §12-1103. This shall constitute my client's formal request that you execute the enclosed Quit Claim Deed recognizing Mr. Schweitzer's ownership of the subject property. Please execute the Quit Claim Deed before a notary public and return it to my office in the enclosed envelope within twenty (20) days.

Pursuant to A.R.S. § 12-1103(B), "if such person refuses or neglects to comply…the court may allow [my client], in addition to the ordinary costs, any attorneys' fees to be fixed by the court." Meaning, if you do not accept and return the Quit Claim Deed, Mr. Schweitzer will be entitled to recover his attorneys' fees and costs against you in connection with any subsequent lawsuit to recognize his rights.

I look forward to receiving the signed Quit Claim Deed within the next twenty (20) days. Thank you for your kind and prompt attention to this matter.

Sincerely,

MURPHY, SCHMITT,
HATHAWAY, WILSON & BECKE, P.L.L.C.

Kristyne M. Schaaf-Olson

Kristyne M. Schaaf-Olson

Enclosure
cc: Cary L. Schweitzer (via email only)

When Recorded return to:

Kristyne M. Schaaf-Olson
Murphy, Schmitt, Hathaway, Wilson & Becke, PLLC
Post Office Box 591
Prescott, Arizona 86302

---

EXEMPT FROM AFFIDAVIT:
A.R.S. §11-1134(A)(4)

**Quit Claim Deed**

Canyons End, LLC, a limited liability company, ("Grantor"), for good and adequate consideration, the receipt and sufficiency of which is hereby acknowledged by signing below, hereby quit-claims and releases unto Cary L. Schweitzer ("Grantee"), a single man, and his heirs, assigns and successors in interest forever, all right, title, interest or other right that Grantor has in that certain real property described as:

***See* attached Exhibit "A"**

IN WITNESS WHEREOF, we have hereunto set our hands this ___ day of November, 2019.

______________________________
Robert McDowell, Member/Manager
Canyons End, LLC

STATE OF ARIZONA )
) ss.
County of Yavapai )

On this ___ day of November, 2019, the foregoing instrument was acknowledged before me, by Robert McDowell, personally known to me or proved to me on the basis of satisfactory evidence to be the person who executed the within instrument.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

______________________________
Notary Public

# EXHIBIT "A"

| | |
|---|---|
| The property commonly known as: | 28950 Pierce Ferry Road<br>Meadview, Arizona 86444 |
| Assesors Parcel No.: | 343-07-176 |

LOT 719 OF MEADVIEW UNIT THREE, ACCORDING TO THE PLAT THEREOF, RECORDED APRIL 24, 1961, AT FEE NO. 102818 IN THE OFFICE OF THE COUNTY RECORDER OF MOHAVE COUNTY, ARIZONA.

EXHIBIT "A"

MURPHY, SCHMITT, HATHAWAY, / WILSON & BECKE, PLLC - GENERAL ACCOUNT

17712

Canyons End, LLC

| INVOICE # | DESCRIPTION | AMOUNT |
|---|---|---|
| 102319 | 5911.1 - Quit Claim ARS 12-1103 | $5.00 |

CHECK # : 17712 CHECK DATE : 10/23/2019 CHECK AMOUNT : $5.00

SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT-SENSITIVE ICON AND FOIL HOLOGRAM.

MURPHY, SCHMITT, HATHAWAY,
WILSON & BECKE, PLLC - GENERAL ACCOUNT
PO BOX 591
PRESCOTT, AZ 86302
928-445-6860

NATIONAL BANK OF ARIZONA
800-497-8168
www.nbarizona.com
91-532/1221
91-532/1221

17712

DATE
10/23/2019

AMOUNT
$ 5.00

Five and NO/100 Dollars

PAY TO THE ORDER OF: Canyons End, LLC

VALID VALID VALID VALID

AUTHORIZED SIGNATURE

[redacted]

# EXHIBIT 13

# EXHIBIT 13

# Make payment to:
# Mohave County Treasury
# PO Box 712
# Kingman AZ 86402
# (928) 753-0737

Account Number R0237403
Assessed To

Parcel 34307176
CANYONS END LLC
28950 N PIERCE FERRY RD
MEADVIEW, AZ 86444-1790

**Legal Description**
Section: 27 Township: 30N Range: 17W MEADVIEW UNIT 3 LOT 719

**Situs Address**
28950 N PIERCE FERRY RD
MEADVIEW

| Year | Tax | Interest | Fees | Payments | Balance |
|---|---|---|---|---|---|
| **Tax Charge** | | | | | |
| 2019 | $2,066.12 | $0.00 | $0.00 | $0.00 | $2,066.12 |
| 2018 | $2,135.58 | $313.22 | $0.00 | $0.00 | $2,448.80 |
| 2017 | $2,043.46 | $40.87 | $0.00 | ($2,084.33) | $0.00 |
| 2016 | $2,135.68 | $28.48 | $0.00 | ($2,164.16) | $0.00 |
| 2015 | $2,687.78 | $0.00 | $0.00 | ($2,687.78) | $0.00 |
| 2014 | $2,758.00 | $0.00 | $0.00 | ($2,758.00) | $0.00 |
| 2013 | $2,990.70 | $0.00 | $0.00 | ($2,990.70) | $0.00 |
| 2012 | $2,039.94 | $27.19 | $0.00 | ($2,067.13) | $0.00 |
| 2011 | $1,880.62 | $0.00 | $0.00 | ($1,880.62) | $0.00 |
| 2010 | $1,975.70 | $65.85 | $0.00 | ($2,041.55) | $0.00 |
| Total Tax Charge | | | | | $4,514.92 |
| **Grand Total Due as of 12/22/2019** | | | | | **$4,514.92** |

Tax Billed at 2019 Rates for Tax Area 400 - 400

| Authority | Tax Rate | Amount |
|---|---|---|
| MOHAVE COUNTY | 0.0194960000 | $412.91 |
| STATE SCHOOL TAX EQUALIZATI | 0.0045660000 | $96.70 |
| KINGMAN USD #20 | 0.0384170000 | $813.64 |
| MOHAVE COMMUNITY COLLEGE | 0.0132550000 | $280.73 |
| Taxes Billed 2019 | 0.0757340000 | $1,603.98 |

| Values | Actual | Assessed |
|---|---|---|
| COMMERCIAL & INDUSTRIAL REAL PROPERTY | $5,502 | $990 |
| COMMERCIAL & INDUSTRIAL REAL PROPERTY | $112,162 | $20,189 |
| Total | $117,664 | $21,179 |

Tax Billed at 2019 Rates for Tax Area 400 - 400

| Authority | Tax Rate | Amount |
|---|---|---|
| MOHAVE COUNTY FLOOD CONTROL | 0.0050000000 | $105.90 |
| Taxes Billed 2019 | 0.0050000000 | $105.90 |

| Values | Actual | Assessed |
|---|---|---|
| Total | $0 | $0 |

Tax Billed at 2019 Rates for Tax Area 400 - 400

| Authority | Tax Rate | Amount |
|---|---|---|
| FIRE DIST ASSIST FUND | 0.0010000000 | $21.18 |
| MOHAVE COUNTY LIBRARY DISTR | 0.0027160000 | $57.52 |
| MO CO TV CID | 0.0004000000 | $8.47 |
| WESTERN AZ VOCATION ED DIST | 0.0005000000 | $10.59 |
| SD#20 CLASS B BONDS | 0.0122040000 | $258.48 |
| Taxes Billed 2019 | 0.0168200000 | $356.24 |

| Values | Actual | Assessed |
|---|---|---|
| COMMERCIAL & INDUSTRIAL REAL PROPERTY | $5,724 | $1,030 |
| COMMERCIAL & INDUSTRIAL REAL PROPERTY | $116,695 | $21,005 |
| Total | $122,419 | $22,035 |

Statement of Taxes Due Mohave County Treasury

Thank You