FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
06/11/2020 7:38PM
BY: DHISER
DEPUTY

TIMOTHY D. BENNETT
Attorney at Law
7712 Rye Canyon Drive
Las Vegas, Nevada 89123
(702) 810-0373
AZ Bar # 021426
Attorney for the Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MOHAVE**

| | |
|---|---|
| **CARY L. SCHWEITZER, individually and d/b/a CANYONS END MOTEL AND RESTAURANT, a sole proprietorship,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**CANYONS END, LLC, an Arizona Limited Liability Company; ROBERT McDOWELL, individually and as managing member of Canyons End, LLC; STEPHANIE M. WALKER; ANCHOR SMOKEHOUSE, LLC, an Arizona Limited Liability Company; LAURA CLELAND HERRERA and ROBERT HERRERA, wife and husband; DOES I-X; ABC CORPORATIONS I-X; AND XYZ PARTNERSHIPS I-X;**<br>**Defendants.** | No. **CV 2020-00152**<br><br>**MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Plaintiff, by and through undersigned counsel, herewith moves this Honorable Court to set aside Plaintiff's Entry of Default, if any, in this matter, and to give Defendants CANYONS END, LLC; ANCHOR SMOKEHOUSE, LLC; and ROBERT HERRERA leave to file their proposed Answer. This Motion is supported by the herewith-attached affidavit in support of this Motion and the entire record in this matter, incorporated by reference herein.

RESPECTFULLY SUBMITTED THIS 11th day of June 2020.

/s/ Timothy D. Bennett

Timothy D. Bennett
Attorney for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES

This matter arises from Plaintiff's various claims arising from the sale of certain real property improved for hotel purposes to Defendants Canyons End, LLC and Robert McDowell. Remaining Defendants Anchor Smokehouse, LLC, Laura Herrera, and Robert Herrera are only collaterally involved for reasons alleged in Plaintiff's pleadings. Plaintiff filed those pleadings on or about 25 February 2020 and subsequently timely served all of the foregoing parties.[1] Subsequently, Plaintiff applied for Default on or about 11 May 2020 and again 1 June 2020.

Defendants subsequently filed to extend time to respond to the Complaint; the same was granted as to Defendants Robert McDowell and Laura Herrera until 15 June 2020 but was denied as to the juridical entity defendants Canyons End, LLC, and Anchor Smokehouse, LLC, as they were not represented by counsel at the time as required for such entities under Ariz.R.Sup.Ct. 31. Defendant Robert Herrera was omitted at that time from the proceedings.

On or about 9 August 2019, Robert Herrera was nearly killed in an appliance explosion. The same severed one finger, broke his left arm, and burned much of the skin on the left side of his body. He still requires additional surgeries even while he

[1] Defendant Stephanie M. Walker is not within the scope of this Motion as she has filed her own answer and, as of this writing, represents herself in this matter.

continues to recover from his injuries, some of which are obviously permanent. He has been greatly hampered as to his ability to work since that time. His ability to seek additional treatment has further been hampered in recent months by the ongoing COVID-19 pandemic, which has so greatly impacted nearly all aspects of life for so many.

A further impact of that pandemic has surrounded Robert Herrera's and Robert McDowell's ability to obtain counsel both for themselves and their juridical entities, Anchor Smokehouse, LLC, and Canyons End, LLC. Those efforts to find counsel have been further hindered by what seems a ubiquitous conflict of interest reported with respect to Plaintiff among Mohave County-residing attorneys. Only after weeks and months of searching, during the COVID-19 pandemic, have the same defendants been able to consult with an attorney without conflict of interest—and who works and resides outside Mohave County, Arizona.

ARCP 55(c) provides:

> **Setting Aside a Default or a Final Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(c).

A final default judgment has not been entered in this matter, and thus Rule 60(c) does not apply.

Defendants submit that "good cause" within the meaning of ARCP 55(c) is shown by the near death of one defendant, long term recovery that at best will leave him partially disabled, all during a pandemic and involving a defendant with an apparent broad spectrum conflict of interest within the county of venue that has hampered all moving defendants from obtaining counsel. Based upon such good cause, the foregoing moving Defendants urge this Honorable Court to accept their

filing of their answers to Plaintiff's Complaint. Defendants Robert McDowell and Laura Hererra file their answers according to the leave of this Honorable Court together with this Motion, all in advance of the 15 June 2020 deadline ordered for them.

A copy of the foregoing emailed this 11th day of June 2020 to:

Kristyen M. Schaaf-Olsen, Esq.
MURPHY, SCHMITT, HATHAWAY, WILSON & BECKE, P.L.L.C.
Attorneys at Law
325 W. Gurley Street, Suit 102
Post Office Box 591
Prescott, AZ 86302-0591
info@mshwlaw.com

By: /s/ Timothy D. Bennett