FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
06/11/2020 7:56PM
BY: DHISER
DEPUTY

TIMOTHY D. BENNETT
Attorney at Law
7712 Rye Canyon Drive
Las Vegas, Nevada 89123
(702) 810-0373
AZ Bar # 021426
Attorney for the Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MOHAVE**

| | |
|---|---|
| **CARY L. SCHWEITZER, individually and d/b/a CANYONS END MOTEL AND RESTAURANT, a sole proprietorship,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**CANYONS END, LLC, an Arizona Limited Liability Company; ROBERT McDOWELL, individually and as managing member of Canyons End, LLC; STEPHANIE M. WALKER; ANCHOR SMOKEHOUSE, LLC, an Arizona Limited Liability Company; LAURA CLELAND HERRERA and ROBERT HERRERA, wife and husband; DOES I-X; ABC CORPORATIONS I-X; AND XYZ PARTNERSHIPS I-X;**<br><br>**Defendants.** | No. **CV 2020-00152**<br><br>**ANSWER OF DEFENDANTS ANCHOR SMOKEHOUSE, LLC; LAURA CLELAND HERRERA and ROBERT HERRERA** |

For their Answer to the Complaint of the Plaintiff, Defendants **ANCHOR SMOKEHOUSE, LLC; LAURA CLELAND HERRERA and ROBERT HERRERA** ADMIT, DENY, and AFFIRMATIVELY ALLEGE as follows, with paragraphs referenced corresponding paragraphs of Plaintiff's Complaint filed on or about 25 February 2020:

1) Defendants are without knowledge of the allegations contained in

paragraph 1 and so DENY the same.

2) Defendants are without knowledge and so DENY the allegations of paragraphs 2 and 3.

3) Defendants ADMIT the allegations with respect to Robert McDowell's residence in Mohave County but DENY the other allegations of paragraph 4 and AFFIRMATIVELY ALLEGE that Defendant Robert McDowell is a married man who variously deals in his sole and separate property and on behalf of his marital community.

4) Defendants are without knowledge of the allegations contained in paragraph 5 and so DENY the same.

5) Defendants ADMIT the allegations of paragraph 6-7.

6) Defendants are without knowledge of the allegations contained in paragraph 8 and so DENY the same.

7) Defendants are without knowledge and so DENY the allegations of paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31.

8) Defendants DENY the allegations of paragraph 32 but AFFIRMATIVELY ALLEGE that the only "fixtures, furniture, etc." were the property of Canyon's End, LLC.

9) Defendants are without knowledge and so DENY the allegations of paragraphs 33, 34, 35, and 36.

10) Defendants DENY the allegations of paragraph 37 but AFFIRMATIVELY ALLEGE that the only "fixtures, furniture, etc." that may be implicated in said paragraph were the property of Canyon's End, LLC.

11) Defendants are without knowledge and so DENY the allegations of paragraphs 38, 39, and 40.

12) As the reallegations incorporated into paragraph 41, Defendants incorporate their own responses as indicated above as if fully restated herein.

13) Defendants DENY the allegations of paragraphs 43, 44, 45, and 46.

14) As the reallegations incorporated into paragraph 47, Defendants incorporate their own responses as indicated above as if fully restated herein.

15) Defendants DENY the allegations of paragraphs 47, 48, 49, 50, and 51.

16) As the reallegations incorporated into paragraph 52, Defendants incorporate their own responses as indicated above as if fully restated herein.

17) Defendants DENY the allegations of paragraphs 53, 54, 55,56, and 57, but AFFIRMATIVELY ALLEGE that as to paragraph 54, Defendants request specific performance of the settlement Agreement.

18) As the reallegations incorporated into paragraph 58, Defendants incorporate their own responses as indicated above as if fully restated herein.

19) Defendants ADMIT the allegations of paragraph 59.

20) Defendants DENY the allegations of paragraphs 60, 61, 62.

21) As the reallegations incorporated into paragraph 63, Defendants incorporate their own responses as indicated above as if fully restated herein.

22) Defendants DENY the allegations of paragraphs 64 and 65.

23) As the reallegations incorporated into paragraph 66, Defendants

incorporate their own responses as indicated above as if fully restated herein.

24) Defendants DENY the allegations of paragraphs 67-68.

25) As the reallegations incorporated into paragraph 69, Defendants incorporate their own responses as indicated above as if fully restated herein.

26) Defendants DENY the allegations of paragraphs 70, 71, 72.

27) As the reallegations incorporated into paragraph 73, Defendants incorporate their own responses as indicated above as if fully restated herein.

28) Defendants DENY the allegations of paragraphs 74, 75, 76.

29) As the reallegations incorporated into paragraph 77, Defendants incorporate their own responses as indicated above as if fully restated herein.

30) Defendants DENY the allegations of paragraphs 78, 79, 80, and 81.

31) As the reallegations incorporated into paragraph 82, Defendants incorporate their own responses as indicated above as if fully restated herein.

32) Defendants DENY the allegations of paragraphs 83, 84, 85, 86, 87, 88, and 89.

33)Defendants DENY that Plaintiff is entitled to any of the other relief requested in his prayer for the same under paragraphs A, B, C, D, E, F, G, H, I, J, and/or K.

34) Any other allegations of the Defendants not specifically answered herein

are herewith DENIED.

35)Defendants further allege accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver as affirmative defenses herein as may now or later be shown to be applicable herein.

36) Costs and Fees: this matter arises from one or more contracts of the parties, and Defendants are entitled to an award of their costs and fees pursuant to A.R.S. § 12-341.01.

37) Defendants AFFIRMATIVELY ALLEGE that they are not real parties in interest in these proceedings and the Complaint against them is frivolous; that upon information and belief, and according to the Plaintiff's pleadings, the only alleged nexuses they have with Defendants McDowell and Canyons End, LLC, is a false allegation of receiving "furniture, fixtures, etc." that allegedly belonged to Plaintiff, and Laura Herrera's alleged role as trustee of a deed of trust, which role she has not accepted and which, in any event, makes her inclusion in these proceedings based solely on that role prohibited under A.R.S. § 33-807(E).

WHEREFORE, Defendants having answered the Complaint of the Plaintiff, Defendant prays for relief as follows:

A) That the relief requested in Plaintiff's Complaint be denied and the same dismissed in its entirety.

B) That Defendants receive an award of their costs and attorney's fees.

C) That this Honorable Court grant such further and other relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED THIS 11th day of June 2020.

/s/ Timothy D. Bennett

Timothy D. Bennett
Attorney for Defendant

A copy of the foregoing emailed this 11th day of June 2020 to:

Kristyen M. Schaaf-Olsen, Esq.
MURPHY, SCHMITT, HATHAWAY, WILSON & BECKE, P.L.L.C.
Attorneys at Law
325 W. Gurley Street, Suit 102
Post Office Box 591
Prescott, AZ 86302-0591
info@mshwlaw.com

By: /s/ Timothy D. Bennett



Case 0:21-ap-00108-MCW Doc 1-38 Filed 04/22/21 Entered 04/22/21 11:02:53 Desc
Exhibit 38 Answer Anchor Smokehouse and Herrera Page 6 of 6