FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
06/30/2020 4:04PM
BY: RHILLMAN
DEPUTY

Kristyne M. Schaaf-Olson, Esq. / AZ State Bar No. 032767
MURPHY, SCHMITT
HATHAWAY, WILSON & BECKE, P.L.L.C.
Attorneys at Law
325 W. Gurley Street, Suite 102
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6860
info@mshwlaw.com

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MOHAVE**

| | |
|---|---|
| CARY L. SCHWEITZER, individually and d/b/a CANYONS END MOTEL AND RESTAURANT, a sole proprietorship,<br><br>Plaintiff,<br><br>v.<br><br>CANYONS END, LLC, an Arizona Limited Liability Company; ROBERT MCDOWELL, individually and as managing member of Canyons End, LLC; STEPHANIE M. WALKER; ANCHOR SMOKEHOUSE, LLC, an Arizona Limited Liability Company; LAURA CLELAND HERRERA and ROBERT HERRERA, wife and husband; DOES I-X; ABC CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X,<br><br>Defendants. | Case No. S8015CV202000152<br><br>**RESPONSE TO MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>*Assigned to Hon. Charles Gurtler* |

COMES NOW, Plaintiff Cary L. Schweitzer, individually and d/b/a Canyons End Motel and Restaurant (hereinafter "Plaintiffs"), by and through undersigned counsel, and pursuant to Ariz. R. Civ. P. 55(c), hereby responds to Defendants Canyons End, LLC,

Anchor Smokehouse, LLC, and Robert Herrera's Motion to Set Aside Entry of Default. Defendants have not shown good cause to set aside entry of the default and their Motion to Set Aside Entry of Default should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF RELEVANT FACTS

On or about February 25, 2020, Plaintiffs filed their Complaint against, among others, Defendants Canyons End, LLC, Anchor Smokehouse, LLC, and Robert Herrera. Defendants were each served on March 11, 2020. Defendants' answers to the Complaint were due by March 31, 2020. Initially, Defendants were consulting with attorney Anthony J. Mullan in Bullhead City, Arizona. Plaintiffs granted Defendants an extension to April 30, 2020 to secure counsel and file their answer. No answer having been filed by defendants, on May 11, 2020 (41 days after defendants' answers were due) Plaintiffs properly filed and served Applications for Entry of Default regarding each of the defendants.

On or about May 13, 2020, this Court entered its Court Order acknowledging that no Motions for Extension of Time had been filed in regard to defendants. Despite this Courts acknowledgment, Defendants again failed to timely file their answers within ten (10) days of Plaintiffs' filing of the Applications for Default. Default therefore became effective against defendants as of May 27, 2020.

On or about June 1, 2020, pursuant to Ariz. R. Civ. P. 55(b)(2) Plaintiffs filed an Application for Entry of Default Judgment Regarding Defendants Canyons End, LLC and Anchor Smokehouse, LLC and requested a hearing. On June 11, 2020 Defendants filed their

/ / /

Answer and Motion to Set Aside Entry of Default. On or about June 15, 2020 this Court entered its Court Order acknowledging that these filings were beyond the default timeframe.

## II. STANDARD OF REVIEW

This "court may set aside an entry of default for good cause." Ariz. R. Civ. P. 55(c). "The good cause necessary for setting aside or vacating entry of default is the same as that required for relief from a judgment by default." *Richas v. Superior Court of Arizona In & For Maricopa County*, 133 Ariz. 512, 514, 652 P.2d 1035, 1037 (1982) citations omitted. "[I]n order to obtain such relief it must have shown each of the following elements: (1) that it acted promptly in seeking relief from the entry of default; (2) that its failure to file a timely answer was due to either mistake, inadvertence, surprise or excusable neglect; and (3) that it had a meritorious defense." *Id.* "Excusable neglect exists if the neglect or inadvertence 'is such as might be the act of a reasonably prudent person in the same circumstances.'" *Christy A. v. Arizona Dept. of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16, 173 P.3d 463, 468 (2007) citations omitted. "A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge." *Id.*, 217 Ariz. at 304–05, ¶ 16, 173 P.3d at 468–69.

## III. MOTION TO SET ASIDE ENTRY OF DEFAULT

Defendants have not shown good cause for setting aside the entry of default. Defendants request that the entries of default be set aside due to: 1) injuries suffered by Defendant, Robert Herrera, 2) the COVID-19 pandemic, and 3) conflicts of interest in the county of venue. *See* Motion to Set Aside Entry of Default, p. 3, ll. 19-24. However, defendants did not act promptly in seeking relief from the entry of default. Additionally,



Case 0:21-ap-00108-MCW Doc 1-43 Filed 04/22/21 Entered 04/22/21 11:02:53 Desc
Exhibit 43 Response to Motion to Set Aside Entry of Default Page 3 of 8

none of these allegations show mistake, inadvertence, surprise or excusable neglect. Finally, Defendants have not established that they have a meritorious defense to the pending claims. Defendants have not established good cause to set aside the entries of default and their Motion to Set Aside Entry of Default should be denied.

### A. Defendants Did not Act Promptly in Seeking Relief From the Entry of Default

Defendants did not act promptly in seeking relief from the entry of default and have provided no explanation as to why they waited a month after the filing of the application for default to seek relief. *Richas v. Superior Court of Arizona In & For Maricopa County*, 133 Ariz. at 515, 652 P.2d at 1038 ("failure to explain the five-week delay in seeking relief provided the trial court with no basis on which it could exercise its discretion). Defendants argue that an injury suffered to Robert Herreara in August of 2019 (seven months prior to the entry of default) along with the COVID pandemic and alleged broad spectrum conflicts of interest have prevented all defendants from obtaining counsel and filing their Answer. However, Defendants previously sought the assistance of Counsel Anthony J. Mullan in March, two months prior to the entry of default and while all of the alleged circumstances existed. Defendants provide no explanation as to how these factual assertions later resulted in a month delay in seeking relief from the entry of default. Without an explanation, there is no basis upon which to find that the month delay is reasonable. *Id.*, 133 Ariz. at 515, 652 P.2d at 1038 ("Since the delay is not explained, there is no basis on which the court could exercise its discretion to find it reasonable"). Defendants Motion to Set Aside Entry of Default should be denied for failure to show good cause.



Case 0:21-ap-00108-MCW Doc 1-43 Filed 04/22/21 Entered 04/22/21 11:02:53 Desc
Exhibit 43 Response to Motion to Set Aside Entry of Default Page 4 of 8

### B. Defendants Have Not Established that Excusable Neglect Exists in Order to Show Good Cause to Set Aside Entry of Default

Defendants motion appears to argue that good cause exists based upon their excusable neglect for failing to timely Answer Plaintiffs' Complaint. Defendants argue that an injury suffered by Robert Herreara in August of 2019 along with the COVID pandemic and alleged broad spectrum conflicts of interest have prevented all defendants from obtaining counsel and filing their Answer. These allegations do not rise to the level of excusable neglect because the delay of Defendants for nearly two and a half (2 ½) months after service of the Complaint are not the acts of a reasonably prudent person in the same circumstances. *Christy A. v. Arizona Dept. of Econ. Sec.*, 217 Ariz. at 304, ¶ 16, 173 P.3d at 468 citations omitted. Further, the affidavit offered to support the motion does not explain why these alleged facts should be found excusable. *Richas v. Superior Court of Arizona In & For Maricopa County*, 133 Ariz. at 515, 652 P.2d at 1038.

Defendants have failed to explain how the injuries suffered by Defendant Robert Herrera in November of 2019 created excusable neglect for Defendants Canyons End, LLC and Anchor Smokehouse, LLC from appearing in this action and filing their answers to the Complaint. Additionally, Defendants have failed to explain how injuries suffered seven (7) months prior to the entry of Default have prevented Defendant Robert Herrera from obtaining counsel and/or filing his Answer to the pending Complaint. Defendants have also failed to explain how the COVID-19 pandemic or an alleged county wide conflict of interest has prevented them from hiring counsel to respond to Plaintiffs' claims. *Id.* ("Where there is no explanation for the delay, there is no excuse shown and no legal ground for vacating the

default, so that an order vacating and setting aside default and judgment by default is an abuse of discretion.") A reasonably prudent person in the same circumstances would have actively contacted lawyers in order to find counsel to file an answer and prevent default being taken against them. This is especially true given that defendants had sought the assistance of counsel shortly after service of the complaint (in March 2020) in order to obtain an initial extension of time to file their Answers.

Defendants have failed to meet the second requirement for a finding of good cause to set aside entry of default. Defendants have failed to show good cause for their waiting two and a half (2 ½) months after service of the Complaint to secure counsel and file their Answers. *Marsh v. Riskas*, 73 Ariz. 7, 11, 236 P.2d 746, 749 (1951)(finding an abuse of discretion vacating a judgment where the moving party offers no excuse for his own negligence or default). Defendants Motion to Set Aside Entry of Default should be denied for failure to show good cause.

**C. Defendants Have Not Shown That A Meritorious Defense Exists to Plaintiffs' Claims in Order to Show Good Cause to Set Aside Entry of Default**

Defendants' motion must be denied because nowhere in Defendants' Motion or Affidavit in Support of Motion to Set side Entry of Default do they allege that a meritorious defense exists to Plaintiffs' claims. The allegations made in the affidavit are that the claims arise from the sale of real property and that certain defendants are only collaterally involved. These allegations are not sufficient to meet the meritorious defense requirement. *Richas v. Superior Court of Arizona In & For Maricopa County*, 133 Ariz. at 517, 652 P.2d at 1040 (finding no meritorious defense where the only facts respondent provided would prove that

petitioner fell while working in a construction project). Defendants' motion and affidavit in support do not raise a meritorious defense upon which they could prevail at time of trial.

Defendants may try to rely on their Answer filed June 11, 2020 to allege a meritorious defense exists. However, the unverified answer was filed after entry of default and without permission from the court does not constitute a meritorious defense. *Marsh v. Riskas*, 73 Ariz. at 10, 236 P.2d at 749 (finding that an unverified untimely answer filed without leave of court did not serve as showing a meritorious defense). Defendants cannot rely on the filing of their Answer to meet the meritorious defense requirement.

Defendants have failed to allege any facts that a meritorious defense exists in order to establish good cause to set aside entry of default. *Richas v. Superior Court of Arizona In & For Maricopa County*, 133 Ariz. at 517, 652 P.2d at 1040 (denying a motion to set aside where the affidavit in support of a Motion to Set Aside did not offer facts or admissible evidence to raise a meritorious defense). Defendants Motion to Set Aside Entry of Default should be denied for failure to show good cause.

## IV. CONCLUSION

Based upon the foregoing, it is respectfully requested that Defendants' Motion to Set Aside Default be denied. Plaintiffs further request an award of attorney's fees and costs for defending this motion pursuant to A.R.S. §§ 12-341 and 12-341.01.

DATED this 30th day of June, 2020.

MURPHY, SCHMITT,
HATHAWAY, WILSON & BECKE, P.L.L.C.

By: */s/ Kristyne M. Schaaf-Olson*
Kristyne M. Schaaf-Olson, Esq.
*Attorneys for Plaintiff*

The foregoing e-filed via E-File AZ
This 30th day of June, 2020:

COURTESY COPY emailed to:

Hon. Chas. W. Gurtler, Jr.
Mohave County Superior Court

COPY served by email and regular mail this same date to:

Timothy D. Bennett
7712 Rye Canyon Drive
Las Vegas, Nevada 89123
timrodriguezbennett@yahoo.com
Counsel for Defendants Canyons End, LLC, Robert McDowell,
Anchor Smokehouse, LLC, Laura Cleland Herrera and Robert Herrera

Stephanie M. Walker
P.O. Box 833
Meadview, AZ 86444
onesmartcablonde@yahoo.com
*Defendant in Pro Per*

By: */s/ Kristie Kellerhals*