FILED BHC
TIME 11:10 a M
JUL 1 6 2020
VIRLYNN TINNELL
CLERK SUPERIOR COURT
BY _______ DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MOHAVE**

**HONORABLE CHARLES W. GURTLER, JR., JUDGE**
**DIVISION I – BULLHEAD CITY** *ks
**DATE: JULY 16, 2020**

## COURT ORDER

| | |
|---|---|
| CARY L. SCHWEITZER, individually and d/b/a/ CNYONS END MOTEL AND RESTAURANT, a sole proprietorship,<br><br>Plaintiff,<br><br>v.<br><br>CANYONS END, LLC, an Arizona limited liability company; ROBERT MCDOWELL, individually and as managing member of Canyons End, LLC; STEPHANIE M. WALKER; ANCHOR SMOKEHOUSE, LLC, an Arizona limited liability company; LAURA CLELAND HERRERA and ROBERT HERRERA, wife and husband; et. al.,<br><br>Defendant. | NO. CV-2020-152 |

Pending is Defendants CANYONS END, LLC, ANCHOR SMOKEHOUSE, LLC and ROBERT HERRERA's Motion to Set Aside Entry of Default. The Court has reviewed the briefing on this matter.

All the Defendants were served on March 11, 2020. On April 30, 2020, Defendants LAURA HERRERA and ROBERT MCDOWELL moved for additional time to file an Answer. Neither Defendant at that time referenced difficulty in contacting or meeting with an attorney. Neither Defendant referenced any issue with respect to attorneys advising there was a conflict. Rather, the bases for the Motions were that the businesses were shut down, the same needed to reopen such that business will come back in order to obtain legal counsel. The Court finds this

S8015CV202000152

pertinent as said Defendants are members of Defendant ANCHOR SMOKEHOUSE, LLC and CANYONS END, LLC. Indeed, MR. MCDOWELL is the Statutory Agent that was served for Defendant CANYONS END, LLC. Similarly, Defendant LAURA CLELAND was served as the Authorized Agent for Defendant ANCHOR SMOKEHOUSE, LLC.

The Court proceeded to grant the Order extending the timeframe for said Defendants to file an Answer through June 15, 2020. That Court Order of May 13, 2020, made it very clear that no Motions for Extension of Time have been filed with respect to Defendants ROBERT HERERRA, CANYONS END, LLC nor ANCHOR SMOKEHOUSE, LLC.

Subsequently, on May 11, 2020, Plaintiffs applied for the entry of the default of the various Defendants. With the exception of Defendant WALKER who had previously filed an Answer in this matter, counsel noticed appearance on behalf of the remaining Defendants on June 11, 2020. Separate Answers were filed on said date for ANCHOR SMOKEHOUSE, LLC, LAURA and ROBERT HERERRA, respectively, and, on behalf of CANYONS END, LLC and ROBERT MCDOWELL. On said date, Defendants CANYONS END, LLC, ANCHOR SMOKEHOUSE, LLC and ROBERT HERRERA further moved to set aside the entry of default. The Court has reviewed that Motion along with the Response. There is no Reply brief. The Court has to agree with much of what the Plaintiff argues with respect to this Motion. The Defendant neither cited the three-pronged test that must be met to seek relief from the Entry of Default (Master Financial, Inc. v. Woodburn, 208 Ariz. 70, 90 P.3d 1236 (App.Div.1 2004)), ((1) failure to timely answer was due to excusable neglect; (2) relief was promptly sought; and, (3) meritorious defense of the action exists). However, the Court notes that the Motion seeking relief was timely sought (it was certainly filed within the six (6) month timeframe prescribed by Rule 60(b), A.R.C.P.) The Affidavit in support generically references difficulty in meeting with counsel during the pandemic crisis, as well counsel specifying it would not take the matter due to conflicts. In particular, the personal Defendants who moved to extend the Answer timeframe could do so on their own behalf but could not on behalf of the Limited Liability Companies. If the Limited Liability Companies could not meet with counsel, then a Motion to Extend the timeframe could not be filed. The Court would equate this issue as to being analogous to the chicken and the egg scenario.

It is certainly excusable neglect for an LLC not to be able to file an Answer if it cannot meet with counsel. This comes as no surprise to the Court. Virtually every law firm this Court had contact with during the early stages of the pandemic referenced that it had a policy of attorneys not traveling, but only making telephonic appearances. The inability to even see an attorney, let alone retain one, certainly amounts to excusable neglect. Indeed, the Court takes judicial notice that service of the Complaint occurred on March 11, 2020, which immediately preceded the pandemic crisis.

The Court further tends to agree with Plaintiff that the allegations in the Affidavit do not set forth a meritorious defense. Richas v. Superior Court of Arizona in and for Maricopaa County, 133 Ariz. 512, 517, 652 P.2d at 1035, 1040 (19982). However, Defendants MCDOWELL and LAURA CLELAND HERERRA filed Answers which included the defaulting Defendants setting forth affirmative defenses as well as admissions and denials of the allegations in the Complaint. The perusal of the Answer filed on behalf of said Defendants, and to be purportedly filed on behalf of the defaulted Defendants, should the default be vacated, sets forth meritorious defenses.

**IT IS, THEREFORE, ORDERED** granting Defendants CANYONS END, LLC, ANCHOR SMOKEHOUSE, LLC and ROBERT HERERRA's Motion to Vacate the Entry of Default.

**IT IS FURTHER ORDERED** placing this matter on the Dismissal Calendar, the same to be dismissed without prejudice unless an appropriate Joint Report is filed and proposed Scheduling Order is proffered within said timeframe.

**IT IS FURTHER ORDERED** directing the Clerk to bring the file to the attention of the Court on September 16, 2020, for internal review.

Defendant STEPHANIE WALKER through her Answer to Plaintiff's Response to Motion to Strike requests the Court to reconsider its Order failing to dismiss her from this lawsuit. She specifies that she is not a member of CANYONS END, LLC. For the reasons hereinafter specified,

**IT IS ORDERED** denying the Motion to Reconsider the dismissal of Defendant STEPHANIE WALKER from the lawsuit.

Whether or not Defendant WALKER has or has not been a member of CANYONS END, LLC does not dictate or determine whether she must remain as a Defendant in this matter. Part of this action is to quiet title to real property. Defendant WALKER holds an interest in the subject real property as a beneficiary of a Deed of Trust. Therefore, Defendant WALKER must remain as a Defendant in this lawsuit until her interest in the subject real property is determined to be valid or not.

cc:

KRISTYNE M. SCHAAF-OLSON*
MURPHY, SCHMIT, HATHAWAY,
WILSON & BECKE, PLLC
Attorney for Plaintiff

TIMOTHY D. BENNETT*
ATTORNEY AT LAW
Attorney for Defendants CANYONS END and
ANCHOR SMOKEHOUSE

LAURA CLELAND HERRERA
28950 N PIERCE FERRY RD
MEADVIEW AZ 86444
Defendant

ROBERT MCDOWELL
28950 N PIERCE FERRY RD
MEADVIEW AZ 86444
Defendant

Honorable Charles W. Gurtler, Jr.
Division I